PATRIOT–NEWS COMPANY, Plaintiff,

v.

HARRISBURG PRINTING PRESSMEN and Assistants Union No. 123, Robert M. Houseal, Warren Gross, Richard Kemp, William K. Swartz, Jr., Howard E. McCurdy, George Gardner, Russell E. Lyter, Sr., Otto Buchle, Jr., and Joseph G. Buccieri, Defendants.

Civ. A. No. 6778.

United States District Court
M. D. Pennsylvania.

Jan. 31, 1961.

Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for plaintiff.

Sidney G. Handler, Harrisburg, Pa., for defendants.

FOLLMER, District Judge.

Plaintiff filed a Complaint against the Defendant Union and various individual members of the Union in the Court of Common Pleas of Dauphin County, Pennsylvania. The Complaint alleges that Plaintiff and the Defendant Union had entered into a collective labor agreement and that the individual defendants were members of the Defendant Union. The basis for damages sought is that "The defendants breached the said collective labor agreement."

The defendants having removed the cause to this Court, plaintiff moved to remand. Plaintiff and the individual defendants are all citizens of Pennsylvania. Plaintiff's "Memorandum In Support Of Motion To Remand" sets forth the "Statement of Question Involved" as being "May an action for damages for breach of contract brought by an employer against a Pennsylvania labor organization and certain named individuals, all of whom were members of the labor organization and residents of Pennsylvania in the Court of Common Pleas of Dauphin County be removed to the Federal Court upon the motion of all the Defendants?"

The removal statute, 28 U.S.C. § 1441, provides, inter alia:

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

And 29 U.S.C.A. § 185 (§ 301 of the Labor Management Relations Act) provides, inter alia:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets."

Since the removal statute is to be strictly construed and removal should not be granted if there is doubt as to the right of removal in the first instance, Old Reading Brewery, Inc. v. Lebanon Valley Brewing Co., D.C.M.D.Pa., 102 F.Supp. 434; Swift & Company v. United Packinghouse Workers of America, D.C. Colo., 177 F.Supp. 511, we are met with the question of the status of the suit against the individual members of the Union.

We need not belabor the question whether the action against the Union constitutes a separate and independent claim or cause of action within the meaning of subsection (c) of the removal statute. We have here nothing more than one action for damages for a single wrong for breach of the labor agreement, Mayflower Industries v. Thor Corp., 3 Cir., 184 F.2d 537; American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. This is clear from the pleadings, and as stated by Judge Forman in Montrey v. Peter J. Schweitzer, Inc., D.C.N.J., 105 F.Supp. 708, 712, "Admittedly, the right of removal is to be resolved according to the plaintiff's pleadings at the time of the petition for removal."

Plaintiff argues that it might have brought a common law tort action in the State Court against the individuals as to which there would be no diversity. In San Diego Building Trades Council, Milkmen's Union, Local 2020 et al. v. Garmon et al., 359 U.S. 236, 247, 79 S.Ct. 773, 781, 3 L.Ed.2d 775. The Court said: "It is true that we have allowed the States to grant compensation for the consequences, as defined by the traditional law of torts, of conduct marked by violence and imminent threats to the public order." See also, International Union. United Automobile Aircraft and Agr.

Implement Workers, etc. v. Russell, 356 U.S. 634, 635, 78 S.Ct. 932, 2 L.Ed.2d 1030, but the plain answer thereto is that plaintiff's pleading does not involve such an issue. It is predicated upon a breach of the collective bargaining agreement and that only. It is Section 301 of the Labor Management Relations Act, supra, which covers breaches of collective bargaining agreements. As stated in Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 456, 77 S.Ct. 912, 918, 923, 1 L.Ed.2d 972, "the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws. * * * Federal interpretation of the federal law will govern, not state law." In Lewis et al. v. Benedict Coal Corp., 361 U.S. 459, 470, 80 S.Ct. 489, 496, 4 L.Ed.2d 442, the Supreme Court again announced that "Section 301 authorizes federal courts to fashion a body of federal law for the enforcement of collective bargaining agreements."

Assuming for the moment that there might be a valid claim against the individual members of the Union, it would in the light of § 301 be an action "of which the district courts have original jurisdiction founded on a claim or right arising under the * * * laws of the United States" and removable "without regard to the citizenship or residence of the parties" under subsection (b) of 28 U.S.C. § 1441. In Swift & Company v. United Packinghouse Workers of America et al., D.C.Colo., 177 F.Supp. 511, 513, involving an action against the Union and individual members thereof, the Court said, inter alia: "Plaintiff states a claim or cause of action against defendants for breach of a collective bargaining agreement. * * * Since only federal substantive law can be applied, plaintiff cannot choose to have state law applied * * * Therefore, the claim or cause of action for breach of the agreement as alleged in the complaint is one which plaintiff could have originally brought in the United States District Court, at least insofar as plaintiff asks for damages." Section 301 provides that "Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets."

In Morgan Drive Away, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, D.C.S.D.Ind., 166 F.Supp. 885, 888, 889, the motion of the individual members of the Union for dismissal as to them of the action for damages was sustained, and in discussing the action against the individuals, the Court said:

"The plaintiff would have the Court construe the language of Section 301(b) and (e) of said Act, 29 U.S.C.A. Section 185, to authorize an action against an individual even though any judgment against the individual may not be enforced against his personal assets. Such an interpretation is contrary to the clear expression of congressional intent that any judgment against a labor organization cannot be satisfied from the personal assets of its members as distinguished from the assets of the organization.

"The plaintiff has its remedy by the statute against the labor organization for the forbidden acts of it and its agents."

Assuming that a similar motion in instant case, after removal, would result in similar action, such question would have no bearing upon the issue of removal. "To hold otherwise would vest the plaintiff with power to withhold from a defendant the use of that forum which Congress has chosen to make available. * * * The suggestion that plaintiff should be permitted to compel defendant to litigate a federal claim in a state court when Congress has explicitly made available a federal forum is indefensible." Fay v. American Cystoscope Makers, Inc. et al., D.C.S.D.N.Y., 98 F.Supp. 278, 280, 281. This is particularly ap-

plicable to any attempt to include an invalid or unenforceable claim or cause of action against individuals with an action against the Union.

The Motion to Remand must be denied.