NATIONAL DAIRY PRODUCTS COR-
PORATION, Plaintiff,

v.

Joseph P. HEFFERNAN, individually and as President of the Ice Cream Drivers and Employees Union, Local 757, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Edward Murphy, individually and as Secretary-Treasurer of said Union, Local 757, Peter Clark, Bernard Kerrigan, Louise Monahan, and all route drivers, platform men, checkers, traffic box men, order employees, production men, production women, maintenance employees, cabinet employees and other persons employed by the Breyer Ice Cream Division of National Dairy Products Corporation who are members of Local 757 and whose employment is covered by an agreement between Local 757 and National Dairy Products Corporation dated May 1, 1957, Defendants.

No. 61–C–399.

United States District Court
E. D. New York.

June 8, 1961.

⊂⇒94

Sullivan & Cromwell, New York City, William A. Ziegler, Jr., Charles B. Farr, New York City, of counsel, for plaintiff.

Cohen & Weiss, New York City, Samuel J. Cohen, Bruce H. Simon, New York City, of counsel, for defendants.

BARTELS, District Judge.

Motion by plaintiff to remand the instant action to the Supreme Court of the State of New York, County of Queens, from whence it was removed by the defendants herein on May 31, 1961.

The complaint alleges that the defendants have violated and are continuing to violate the "no-strike" provisions of the collective bargaining agreement between plaintiff and Local 757, causing great and irreparable harm to plaintiff. Reciting that it has no adequate remedy at law, the plaintiff prays for an injunction against the continuance of the strike, together with judgment against defendants for the damages sustained by it. The petition for removal predicates jurisdiction upon Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a) (herein "Section 301 of the Taft-Hartley Act"). On the hearing of the motion all parties conceded that the strike herein concerns a "labor dispute" within the meaning of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq. (herein "the Act"), and that all strike activity has been non-violent.

Plaintiff seeks remand essentially on the grounds [1] that (i) the complaint does not allege a claim under the laws of the United States within the meaning of the Removal Statute, 28 U.S.C.A. § 1441 (b), and (ii) the Court has no original jurisdiction over the action because of Section 4 of the Act (29 U.S.C.A. § 104) [2].

### Federal Law

The instant action does arise under the laws of the United States. In Textile Workers Union v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, which involved the specific performance of an arbitration agreement brought under Section 301(a), Justice Douglas for the Court stated (353 U.S. at page 457, 77 S.Ct. at page 918):

"It is not uncommon for federal courts to fashion federal law where federal rights are concerned (citing cases). Congress has indicated by § 301(a) the purpose to follow that course here. There is no constitutional difficulty. Article III, § 2, extends the judicial power to cases 'arising under * * * the Laws of the United States * * *.' The power of Congress to regulate these labor-management controversies under the Commerce Clause is plain. (Citing cases) A case or contro-

---

[1] The moving papers also objected to removal on the ground that all the defendants did not join in the petition to remove. The claim was not pursued on oral argument. The named defendants are members of Local 757, and the appearance of Cohen and Weiss, Esqs. for Local 757 cures this defect.

[2] Section 104 provides in part:
"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether

singly or in concert, any of the following acts:
"(a) Ceasing or refusing to perform any work or to remain in any relation of employment;
"(b) Becoming or remaining a member of any labor organization or of any employer organization, regardless of any such undertaking or promise as is described in section 103 of this title;
  *   *   *   *   *
"(i) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore specified, regardless of any such undertaking or promise as is described in section 103 of this title."

versy arising under § 301(a) is, therefore, one within the purview of judicial power as defined in Article III."

The cases relied upon by plaintiff [3] antedate Lincoln Mills and to the extent that they conflict with that decision are no longer authoritative.

### Original Jurisdiction

The second problem is not as simple. It is conceded that this action is one between a labor union and an employer arising from a dispute concerning a collective bargaining agreement. The action therefore is a suit within the wording of Section 301(a) of the Taft-Hartley Act, which may be brought in the District Court of the United States. However, plaintiff asserts that since the Act deprives this Court of jurisdiction over actions for injunctions in cases of this nature, the action is not one which could originally be brought in this Court. Defendants reply that because the Court is precluded from granting injunctive relief does not mean that the Court is precluded under the Act from entertaining the action in the jurisdictional sense.

■ At the threshold, the Court must construe the meaning of the word "jurisdiction" as used in the Act. Does it mean lack of authority to take cognizance of the suit or lack of authority to act after taking cognizance of the suit? Jurisdiction is defined as the authority by which courts and judicial officers take cognizance of and decide cases.[4] Used in its more accepted meaning the denial of jurisdiction to this Court over certain types of injunctive relief would preclude the Court from taking cognizance of the action. An examination of the Act com-

pels the conclusion that "jurisdiction" is there used in the latter sense. The title of the Act as passed was "An Act To amend the Judicial Code and to define and limit the jurisdiction of courts sitting in equity and for other purposes."[5] Section 13(d) of the Act defines "courts" as "any court of the United States whose jurisdiction has been or may be conferred or defined or limited by Act of Congress * * *". While in the above instances the word "jurisdiction" is used in the Act, Congress did not use that word when in Sections 3, 6, 8 and 9 of the Act it simply denied the power of the District Courts to grant relief under certain circumstances without any withdrawal of "jurisdiction". It appears therefore that the term "jurisdiction" as used in the Act is used in its literal and more accepted meaning, and that under the Act this Court is not only precluded from granting the injunctive relief herein, but may not "take cognizance" of the action.

■ The importance of this conclusion appears from A. H. Bull Steamship Co. v. Seafarers' International Union of North America, 2 Cir., 1957, 250 F.2d 326, where it was held that the mandate of Section 4 of the Norris-LaGuardia Act was not repealed by the enactment of Section 301 of the Taft-Hartley Act, the court stating (at page 331) "that Congress intended merely to provide employers with a monetary recovery for a union's breach of a no-strike agreement and to impose certain sanctions against employees such as loss of status. * * *" In the Bull case the District Court, relying on Lincoln Mills, supra, enjoined the violation of a "no-strike" clause; but the Court of Appeals reversed for the rea-

3. Home Building Corporation v. Carpenters Dist. Council, D.C.Mo.1943, 53 F. Supp. 804; John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers, D.C.N.J.1950, 93 F.Supp. 296; Berrios v. Bull Insular Line, D.C.Puerto Rico 1953, 109 F.Supp. 858; Lock Joint Pipe Company v. Anderson, D.C.Mo.1955, 127 F.Supp. 692; Sandsberry v. Gulf, C. & S. F. Ry. Co., D.C.Tex.1953, 114 F. Supp. 834; Hat Corp. of America v. United Hatters, D.C.Conn.1953, 114 F. Supp. 890.

4. Black's Law Dictionary, 4 Ed.; Bouv. Law Dict., Rawles 3rd Rev., p. 1760; State v. Wakefield, 60 Vt. 618, 15 A. 181.

5. 47 U.S.Stat. at Large Ch. 90 March 23, 1932.

sons above stated. That Court, however, did not dismiss the action, but remanded it for further proceedings, which of necessity were limited to the claim for damages. From the Bull case it appears that a claim, based upon the facts herein, seeking only an injunction could not be originally instituted in this Court [6], although this Court would have original jurisdiction of a suit seeking both an injunction and damages. Accordingly, where both damages and an injunction are sought, the complaint cannot be dismissed *in toto*, but must be dismissed as to the injunctive relief. This view was adopted in Swift & Company v. United Packinghouse Workers of America, D.C. Colo.1959, 177 F.Supp. 511. See also Patriot-News Co. v. Harrisburg Printing Pressmen, D.C.Pa.1961, 191 F.Supp. 568.

### Removal

Thus is presented the crux of the motion, i. e., removal or remand. The present complaint being within the compass of Section 301 of the Taft-Hartley Act, arises under the laws of the United States and at least as to the claim for damages, may have been originally instituted in this Court. There remains, however, another claim which this Court believes is not within its original jurisdiction. The complaint, although pleaded as a single "cause of action", actually contains two separate claims, which are in effect based upon two separate and distinct wrongs—(1) a claim for damages to redress prior wrongs based only upon past conduct and injury, and (2) a claim for an injunction to provide protection and relief from prospective and anticipated wrongs based only upon future conduct and injury. See Swift & Company v. United Packinghouse Workers of America, supra, and A. H. Bull Steamship Co. v. Seafarers' International Union of North America, supra.

Sub-paragraph (c) of Section 1441(b), 28 U.S.C.A., specifically states that when there is a joinder of a removable with a non-removable claim the entire case may be removed, or the Court may, in its discretion, remand all matters not otherwise within its original jurisdiction. A consideration of the foregoing compels the Court to conclude that the entire action should be removed and therefore it denies plaintiff's motion to remand. However, since the Court has no jurisdiction over the claim for injunctive relief, the Court hereby dismisses for lack of jurisdiction [7], but not upon the merits [8], the second claim included in the complaint seeking the injunctive relief herein described.

Submit order with notice of settlement returnable Tuesday, June 13, 1961, before 12 o'clock Noon.

6. See Edwards v. Kearzey, 1877, 96 U.S. 595, 604, 609, 24 L.Ed. 793.
   "But—this must not be forgotten—legal rights, so far as courts are concerned, depend entirely on * * * those enforced or potentially enforceable court-orders. * * *" Jerome Frank, Courts on Trial, p. 9.

7. Rule 12(h), Fed.Rules Civ.Proc., 28 U.S. C.A., provides that the Court shall on its own motion dismiss any claim with regard to which it lacks jurisdiction over the subject matter.

8. See Restatement of Judgments § 49, Comment *a*.