**H. A. LOTT, INC. and Johnson, Drake & Piper, Inc., Plaintiffs,**

v.

**HOISTING & PORTABLE ENGINEERS LOCAL NO. 450, OF the INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO, et al., Defendants.**

**Civ. A. No. 63–H–539.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 28, 1963.

Fulbright, Crooker, Freeman, Bates & Jaworski and H. L. Deakins, Jr., Houston, Tex., for plaintiffs.

Ryan & Eckhardt and Robert C. Eckhardt, Houston, Tex., for defendants.

INGRAHAM, District Judge.

This case is presently before the court on plaintiffs' motion to remand the suit to the District Court of Harris County, 164th Judicial District of Texas. Plaintiffs, H. A. Lott, Inc. and Johnson, Drake & Piper, Inc., general contractors, originally filed suit in that court alleging that the defendants had breached and were continuing to breach a collective bargaining agreement entered into by plaintiffs and Local 450 of the International Union of Operating Engineers, causing great and irreparable harm to plaintiffs. Reciting that they had no adequate remedy at law, plaintiffs prayed for a temporary injunction (to be made permanent) against such breaches, together with a judgment for the damages allegedly sustained by the conduct of the defendants. The defendants then petitioned this court for removal, predicating jurisdiction on Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a) [1] (hereinafter referred to as Section 301(a). Plaintiffs then moved to remand the case insofar as it requests injunctive relief, due to the provisions of Section 4 of the Norris-LaGuardia Act, 29 U.S.C.A. § 104.[2] It is not contested that this is a labor dispute between an employer and a labor

---

[1]. This section provides in part:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter * * * may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

[2]. This section provides in part:

"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any per-

son or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

"(a) Ceasing or refusing to perform any work or to remain in any relation of employment;

* * *

"(h) Agreeing with other persons to do or not to do any of the acts heretofore specified; and

"(i) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore specified, regardless of any such undertaking or promise as is described in section 103 of this title."

organization representing employees in an industry affecting commerce.

This court is therefore called upon to resolve a question which has not yet been passed upon by either the Court of Appeals or the Supreme Court. In Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962), the Supreme Court held that Section 4 of the Norris-LaGuardia Act prohibited the federal courts from granting an injunction in cases arising under Section 301 (a). But what is the effect of that holding on removal cases involving requests for injunctions? Or, as posed in the instant case, the question is whether to retain the entire dispute, being fully aware that no injunctive relief may be granted by this court, or whether to remand to the state court only that remedial question of injunctive relief while being required to retain the rest of the suit. These are the only two alternatives, for it is neither requested nor possible to remand the suit insofar as damages are claimed by the plaintiffs.

The removal statute provides in Section 1441(a):

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

There is no doubt that the instant suit is an action between a labor union and an employer arising from a dispute concerning a collective bargaining agreement, part of which agreement is even set out in plaintiffs' original complaint. The federal district courts would have original jurisdiction due to Section 301 (a), and therefore this case falls within the terms of the removal statute quoted above. However, the plaintiffs, relying on the Atkinson case and the Norris-LaGuardia Act, assert that this court has no "jurisdiction" over that part of the complaint which requests injunctive relief.

It would perhaps be best noted at this point that there is some question about the meaning of the word "jurisdiction" as used in Section 4 of the Norris-LaGuardia Act. Does it mean lack of authority to take cognizance of the suit or lack of authority to act after taking cognizance of the suit? If the latter interpretation is correct, then there is no conflict between the Norris-LaGuardia Act and Section 301(a) of the Taft-Hartley Act so far as removal is concerned. Under the view taken of the instant case, however, it is not necessary to decide that question. It will be assumed that the proper interpretation is the former —precluding the federal courts from taking cognizance of an action solely for injunctive relief. This is the reading adopted by the court in National Dairy Products Corp. v. Heffernan, 195 F.Supp. 153 (E.D.N.Y.1961).

With this working hypothesis, then, that a claim under Section 301(a) seeking only an injunction could not be originally instituted in this court, the instant case may be more clearly analyzed. Plaintiff's original complaint may be interpreted in two ways. It may either be seen as constituting a single claim or cause of action, or it may be seen as actually containing two separate claims. The same result is reached in either instance—but each approach will be discussed.

On the assumption that a single claim is presented to the court, the motion to remand must be denied. Even though a claim seeking only an injunction could not be originally instituted in a federal court, a single claim seeking both an injunction and damages could be so brought. See National Dairy Products Corp. v. Heffernan, 195 F.Supp. 153 (E.D.N.Y. 1961). See also Patriot-News Co. v. Harrisburg Printing Pressmen, 191 F. Supp. 568 (D.C.Pa.1961). This is the clear import of the major case relied upon by the plaintiffs, Swift & Co. v. United Packinghouse Workers, 177 F.Supp. 511 (D. Colorado 1959). In that case the

court directed the plaintiff to recast its complaint so that it stated two separate claims or causes of action and said that if the plaintiff failed to do so, the motion to remand the request for injunctive relief would be denied. While this court does not agree with the final disposition of the motion in Swift & Co., it can be seen from that opinion that removal in toto is proper where only one claim or cause of action is alleged.

Alternatively, this court feels that even if plaintiffs' original complaint is read as alleging two separate and independent causes of action, the motion to remand should still be denied. 28 U.S.C.A. § 1441(c) provides in part:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed * * *."

The claim for damages to redress prior wrongs and based on past conduct and injury is removable standing alone. And with the application of the removal provision quoted immediately above, the separate and independent claim for an injunction to provide protection from prospective and anticipated wrongs based on future conduct and injury is removable when joined with the claim for damages. This was the approach taken by the court in the Heffernan case, and is that which comports most closely with the federal labor policy as enunciated by the Supreme Court.

That court has explicitly left open the question of the applicability of the Norris-LaGuardia Act to state courts applying federal labor law. See Charles Dowd Box Co. v. Courtney, 368 U.S. 502, at 514 n. 8, 82 S.Ct. 519, at 526, 7 L.Ed.2d 483 (1962). Indeed, the actual holding in that case was that the state courts had concurrent jurisdiction in Section 301 cases. However, in Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), the court held that incompatible doctrines of local law must give way to principles of federal labor law. The reason given for this was that comprehensiveness is essential to the formulation of the law under the mandate of the Lincoln Mills case.[3] This required the conclusion that issues raised in suits of a kind covered by Section 301(a) be decided according to the precepts of the federal labor policy. And this federal labor policy was further delineated in Sinclair Refining Co. v. Atkinson, supra, relied upon by the plaintiffs. While denying the right to injunctive relief in the federal courts under Section 301(a), the court admitted that the right to sue under that provision would be worth more if an injunction could also be obtained to bar further breaches of the bargaining agreements. However, the Court even went into the Legislative History of Section 301 to show that the Congressional intent was not to exempt this provision from the force of the Norris-LaGuardia ban on injunctions. The Court said at 370 U.S. 214, at 82 S.Ct. 1339, 8 L.Ed. 2d 440:

"At the most, what is involved is the question of whether the employer is to be allowed to enjoy the benefits of an injunction along with the right which Congress gave him in § 301 to sue for breach of a collective agreement."

It was concluded that Congress did not so intend to allow injunctive relief. The federal labor policy, until Congress indicated otherwise, was seen as opposing the furnishing of this type of relief in Section 301 cases.

It seems apparent then that if this court were now to remand the claim for injunctive relief, it would provide the employer with just the benefit denied him in the Sinclair case. The effectiveness of

3. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). It was in this case that the Supreme Court said that there was to be developed a body of federal law in deciding actions under Section 301.

that decision would largely be destroyed. The employer would always enjoy two-fold relief whenever he could initiate his suit for damages and an injunction in the state court. And this would hardly result in a uniform approach to Section 301 cases through the application of federal precepts.

This court, however, under the authority of Section 1441(c), supra, may retain jurisdiction over both the removable and non-removable claims. And a consideration of the foregoing compels the court to conclude that the entire action is removable. Plaintiffs' motion to remand will be denied. The clerk will notify counsel to draft and submit appropriate order.