POLLIO & SON, INC., Anthony Pollio and Anthony Pollio, Jr., Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Drivers and Chauffeurs Local Union No. 816, Joseph Forzano, individually and as President thereof, Lester Connell, individually and as Secretary-Treasurer thereof, William Hennessey, individually and as representative thereof, Joseph Canaro, Rocco Falotico, George Cooper, Joe Woods, Jeremiah Smith, Guillermo Perez and James Mills, individually and as members thereof, Defendants.

No. 65 C 447.

United States District Court
E. D. New York.

June 17, 1965.

Benedict J. Pollio, New York City, for plaintiffs.

Bruce Simon, New York City (Cohen & Weiss, New York City, of counsel), for defendants.

DOOLING, District Judge.

In an action commenced in the Supreme Court of the State of New York, County of Nassau, on April 15, 1965, defendants removed on the theory that the complaint charges conduct constituting a "secondary boycott" within § 8(b) (4) of the National Labor Relations Act [29 U. S.C. § 158(b) (4)] and which the corporate plaintiff made the subject of an unfair labor practice charge, and that in consequence the complaint states a claim within § 303 of the Labor Management Relations Act of 1947 [29 U.S.C. § 187

(a)] that is removable as a federal question case under 28 U.S.C. § 1441(b).

The complaint, in three counts, is: *first,* that defendants interfered with plaintiff truckers' contractual relations with their shipper-customers in that they through personal and telephone contacts "induced, persuaded, enticed or coerced" plaintiffs' customers to repudiate contracts, accompanying such acts with threats of illegal acts or acts calculated to disrupt plaintiffs' business through discontinuance of its trucking service; *second,* that defendants conspired to interfere with plaintiffs contractual or advantageous economic relations with its customers and carried the conspiracy out; and, *third,* that defendants assaulted the individual plaintiffs by hazardously tail-gating their trucks on the public highways of New York City and, in addition, by menacing the plaintiff Anthony Pollio in his home. Plaintiffs move to remand [28 U.S.C. § 1447(c)] on the ground that the action is one to recover for common law, not federal tort. The motion must be denied.

It is not disputed that plaintiffs' claim exceeds $10,000, that they are engaged in an industry affecting interstate commerce, and that defendants' activities concern an industry affecting interstate commerce. And plaintiffs concede that "some of the acts complained of may fall within the purview of the prohibitions of § 8(b) (4) or the protection otherwise accorded under the National Labor Relations Act."

Plaintiffs contend that the case is not removable because Section 303(b) of the LMRA contemplates concurrent state court jurisdiction and because much that is alleged in the complaint is quite beyond the scope of the federal Acts and invokes familiar common law causes of action compatible with the federal Acts; because, moreover, the complaint charges acts of violence that state law alone is competent to deal with; and because the complaint presents non-federal matter as its very gist and the case does not become removable because some of the facts integral to the state law claims may also

suffice to make out an unfair labor practice. *Cf.* Bethlehem Steel Co. v. New York State Board, 1947, 330 U.S. 767, 774–775, 67 S.Ct. 1026, 91 L.Ed. 1234; La Crosse Telephone Corp. v. Wisconsin Board, 1949, 336 U.S. 18, 26, 69 S.Ct. 379, 93 L.Ed. 463; United Const. Workers v. Laburnum, 1954, 347 U.S. 656, 665–666, 74 S.Ct. 833, 98 L.Ed. 1025; International Union, United Automobile, etc., Workers v. Russell, 1958, 356 U.S. 634, 644–645, 78 S.Ct. 932, 2 L.Ed.2d 1030; Bay State Hats, Inc. v. Rose, S.D.N.Y.1956, 30 L.C. 91,865 (case not covered by federal act). Note Buffalo Arms, Inc. v. Molony, W.D.N.Y.1954, 26 L.C. 87,133 [remanding a Section 303 (b) case on theory 1947 Act preserved coincident state tort remedy by the grant of concurrent jurisdiction in Section 303 (b)]. Plaintiffs add that the conduct complained of is such that the Union could hardly authorize and is unlikely to ratify it, and that the Union may well, if the case remains in this Court, move to dismiss it as within the primary jurisdiction of the Labor Board.

Defendants contend that since the complaint includes a claim cognizable under Section 303 of the LMRA, the case is removable even though the pleader invokes only state law (Leggett & Co. v. O'Rourke, S.D.N.Y.1964, 237 F.Supp. 561, 563; Fay v. American Cyatoscope Makers, Inc., S.D.N.Y.1951, 98 F.Supp. 278, 280–281; Table Talk Pies of Westchester v. Straus, S.D.N.Y.1964, 237 F.Supp. 514, 518; Prospect Dairy Inc. v. Dellwood Dairy Co., N.D.N.Y.1964, 237 F.Supp. 176, 178–179); defendants say that where, as here, a claim is at least "arguably" a claim of unfair labor practice, only such judicial jurisdiction is carved out of the otherwise exclusive jurisdiction of the National Labor Relations Board as Section 303(b) defines (*Cf.* San Diego Bldg. Trades Council v. Garmon, 1959, 359 U.S. 236, 246–248, 79 S.Ct. 773, 3 L.Ed.2d 775), even though the particular claim is explicitly framed on state law (Local 24, etc. v. Oliver, 1959, 358 U.S. 283, 296–297, 79 S.Ct. 297, 3 L. Ed.2d 312; Weber v. Anheuser-Busch,

686

Inc., 1955, 348 U.S. 468, 481, 75 S.Ct. 480, 99 L.Ed. 546), and, within that judicial jurisdiction, the only law is the preemptive federal law, saving the violence exception. Local 20 etc. v. Morton, 1964, 377 U.S. 252, 258–261, 84 S.Ct. 1253, 12 L.Ed.2d 280.

■ A claim of substance under Section 303 of LMRA is presented by the first two causes of action. It is not an adventitious inclusion in a set of facts that distinctively frames a familiar state law claim of tort. The claim of unfair labor practice is disclosed in the first two causes of action because significant operative facts of the claim of state law tort inevitably coincide with the economic determinants of a Section 8(b) (4) (i) (ii) (B) unfair labor practice. The necessary consequence is that the unfair labor practice claim, whether or not it stands clear of all state law overtones and entanglements, is the dominant and determines removability (Flame Coal Co. v. United Mine Workers, 6th Cir. 1962, 303 F.2d 39, 42;* Cf. New Orleans, Mobile and Texas R. R. v. State of Mississippi, 1880, 102 U.S. 135, 26 L.Ed. 96; Armstrong v. Alliance Trust Co., 5th Cir. 1942, 126 F.2d 164, 166–167), for the third cause of action, as presented, appears as a "separate and independent * * * cause of action" within 28 U.S. C.A. § 1441(c). If there is "arguably" present a viable claim to relief on state law principles, it does not prevent removal because it is not "a separate and distinct nonfederal cause of action" within the meaning of Hurn v. Oursler, 1933, 289 U.S. 238, 245–248, 53 S.Ct. 586, 589, 77 L.Ed. 1148 (Cf. Markert v. Swift & Co., 2d Cir. 1951, 187 F.2d 104, 107; contrast Cue Publishing Co. v. Colgate-Palmolive Co., S.D.N.Y.1964, 233 F.Supp. 443); the existence and nature of any state law cause of action of the kind alleged raises a threshold federal question of federal preemption in the inescapable supremacy context (Cf. New Orleans, Mobile and Texas R. R. v. State of Mississippi, supra, 102 U.S. at 140, 26 L.Ed. 96; Local 20 v. Morton, supra) and, in such a case as the present one, the two species of claims, if there can be two, are inextricably intertwined, the state claim arguably present resting at best on a differentiation of the legal principles governing relief on a unitary set of occurrences dealt with by both laws. Removal to this Court changes nothing except the forum in which the necessarily dominant federal questions are resolved; if there were no removal the state court would have to determine the supremacy-preemption questions by the same standards as this Court. Hence the first two causes of action, whether or not they have emanations of still viable state rights and remedies in addition to the federal claim that they embrace (Cf. Price v. United Mine Workers, 6th Cir. 1964, 336 F.2d 771), belong in this Court for all purposes.

■ The plaintiffs' third claim for civil assault, involving, as it does, acts of violence directed against the individual plaintiffs and, possibly, rising clear of any labor relations law context—except as a labor dispute may have been the occasion of the conduct—sets out a state claim that exists independently of the federal law. Local 20, etc. v. Morton, supra at 257, 84 S.Ct. 1253; Price v. United Mineworkers of America, 6th Cir. 1964, 336 F.2d 771, 774–775. That claim could perhaps, under 28 U.S.C. § 1441(c), be remanded, if any useful purpose would be served by doing so. It is not, however, apparent at this time that anything except increased expense to both parties would flow from such a remand.

Accordingly, on plaintiffs' motion to remand, it is ordered that the motion is denied.

* See further Gibbs v. United Mine Workers, 6th Cir. 1945, 343 F.2d 609, 614.