Anthony IODICE et al., Plaintiffs,

v.

Peter CALABRESE et al., Defendants.

No. 67 Civ. 887.

United States District Court
S. D. New York.

Aug. 26, 1968.

---

8. Ostrover's moving affidavit, pp. 3–5.

9. Id. at 6.

10. Annexed to Gordon affidavit as Exhibit 1.

Greenspan & Aurnou, White Plains, N. Y., for plaintiffs.

John J. Sheehan, New York City, for defendants.

## MEMORANDUM OPINION
### Motion To Remand

MOTLEY, District Judge.

Plaintiffs are trucking companies, individual truckers and others who allege in the complaint that defendant union officer and defendant union have engaged in a course of action injuring plaintiffs in their business and occupa-

tions. The action was commenced in the Supreme Court of the State of New York, Westchester County, on February 10, 1967. All parties are residents of Westchester County. On March 3, 1967, the action was removed by defendants to this court pursuant to 28 U.S.C. § 1441 as an action arising under the laws of the United States. The action is now before the court on plaintiffs' motion to remand to the state court pursuant to 28 U.S.C. § 1447. The motion is denied.

The complaint alleges facts indicating that defendants have threatened plaintiff trucking companies and other trucking companies with "labor trouble" if plaintiffs and the others use the driving services of individual plaintiffs. It alleges that plaintiff trucking companies have been picketed for a number of years for employing individual plaintiffs, and that the loss of business suffered therefrom has forced one plaintiff to give up his Certificate of Convenience and Necessity, granted by the Interstate Commerce Commission. It is also alleged that another individual plaintiff, who operated a restaurant business in a building leased from the stockholder of one of the plaintiff trucking companies, was picketed because her lessor refused to cancel his lease with a plaintiff trucking company who employed the individual trucker plaintiffs, and that said restaurant plaintiff was forced to go out of business as a result of such picketing. The foregoing facts are alleged to state causes of action under New York General Business Law, New York Labor Law, and New York common law. Damages are pleaded for all plaintiffs, and, in addition, injunctions are asked against defendant's alleged reprisals, boycotts and picketing.

■ A separate third cause of action alleges that the same facts violate § 303 of the Labor Management Reporting and Disclosure Act of 1959, as enacted by the United States Congress. Such section refers to the activities of a labor organization under trusteeship, and it bears no relevance to any facts alleged in the complaint. Such facts appear to state a claim for relief under § 303 of the Labor Management Relations Act of 1947.[1] See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). It appears that plaintiff intended to state his claim under the latter statute and mistakenly pleaded the wrong § 303. The mere recitation of a statute neither confers nor deprives a court of jurisdiction. Only the facts pleaded may do this. Beeler v. United States, 338 F.2d 687, 689 (3rd Cir. 1964). Plaintiffs plead facts sufficient to show a controversy arising under § 303 of the Labor Management Relations Act, and their third cause of action will be considered to arise under this section. Pollio & Son, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 242 F. Supp. 684 (E.D.N.Y.1965). Plaintiffs ask only damages under this cause of action.

■ For an action to be removable to a federal court, it is necessary that it could have been originally brought in a federal court. Lorraine Motors Inc. v. Aetna Casualty & Surety Co., 166 F. Supp. 319 (E.D.N.Y.1958); Mexican Nat. R. Co. v. Davidson, 157 U.S. 201, 15 S.Ct. 563, 39 L.Ed. 672 (1895). Because removal jurisdiction derives from state jurisdiction it is also necessary that the state court have had valid jurisdiction prior to removal. Meyer v. Indian Hill Farm, Inc., 258 F.2d 287 (2d Cir. 1958). The Labor Management Relations Act, § 303 (29 U.S.C. § 187) explicitly provides for suit to be brought "in any district court of the United States." Therefore, this court would have had original jurisdiction to entertain this claim for relief. Franchi Construction Co. v. Local No. 560 of Int. Hod Carriers, 248 F.Supp. 131 (D.Mass.1965). The same section also provides for suit "in any other court having jurisdiction

---

1. Defendant, in fact, appears willing to concede this in the memorandum submitted, and therefore has the notice of the true cause of action that substantial justice requires a complaint to give.

of the parties." Such language encompasses state courts, and the Supreme Court of Westchester County had valid jurisdiction over the third cause of action. Dairy Distributors, Inc. v. Western Conference of Teamsters, 294 F.2d 348 (10th Cir. 1961), cert. denied, 368 U.S. 988, 82 S.Ct. 604, 7 L.Ed.2d 525 (1962); Prospect Dairy, Inc. v. Dellwood Dairy, Inc., 237 F.Supp. 176 (N.D.N.Y. 1964). The action was, therefore, validly removed to this court with respect to the third cause of action. Pollio & Son, Inc. v. Teamsters, supra.

The effect upon removal of the existence of additional causes of action remains to be determined. As noted above, certain causes of action arise under New York law. The alleged facts giving rise to these causes of action appear to be the same as those giving rise to the federal claim. All causes of action appear to arise out of defendant's alleged picketing and threats of labor trouble. The suit is such that plaintiffs might be expected to try all claims in one proceeding since the claims are interrelated. In such a situation in the interests of judicial economy, convenience and fairness to litigants this court will choose to exercise its pendant jurisdiction and hear the nonfederal claims with the federal claim. United Mine Workers of America v. Gibbs, supra.

One problem remains. Injunctive relief is asked under the state causes of action, and 29 U.S.C. §§ 101, 104 (Norris-LaGuardia Act) appears to deprive the federal courts of jurisdiction to enjoin collective activities, such as picketing, in these circumstances. The United States Supreme Court, however, has recently held that this prohibition involves a question of remedies only and does not prevent the exercise of jurisdiction in a suit involving a claim for injunctive relief. Avco Corporation v. Aero Lodge No. 735, 390 U.S. 557, 88 S. Ct. 1235, 20 L.Ed.2d 126 (1968). That case involved a suit under § 301 of the Labor-Management Relations Act to enjoin a strike in violation of a no-strike clause in a collective agreement. How-

ever, this court sees no significant differences between such a suit and one, as this, under § 303. In both situations concurrent jurisdiction exists in state and federal courts. The National Labor Relations Board may also entertain claims based upon the same facts as those stating a claim under § 303 since these facts also state a claim under 29 U.S.C. § 158(b) (4). But this in no way bears upon the grant of jurisdiction to the federal courts under § 303, and should not effect their ability to take jurisdiction of a claim for injunctive relief. The *Avco* case involved only a claim for injunctive relief. This action also involves claims for damages under each cause of action, and thus presents stronger reasons for allowing jurisdiction.

It is to be noted, in conclusion, that this court in no way passes upon the merits of the state causes of action. The question whether a claim under § 303 pre-empts any state claims on the same facts is not before the court and need not be passed upon, since the state court did have valid jurisdiction of the claim under § 303.