**MILK & ICE CREAM SALES-MEN, etc., et al.**

**v.**

**SEALTEST FOODS DIVISION OF KRAFTCO CORP.**

Civ. A. No. 72–1009.

United States District Court,
W. D. Pennsylvania.

Jan. 16, 1973.

Herman Foreman, Pittsburgh, Pa., for plaintiffs.

Edward G. O'Connor, Pittsburgh, Pa., for defendant.

MEMORANDUM AND ORDER
DENYING PETITION
TO REMAND

KNOX, District Judge.

This action was originally brought in the Court of Common Pleas of Allegheny

County, Pennsylvania claiming that plaintiff was party to a pension plan under collective bargaining agreement contracts with the employer members of the Greater Pittsburgh Dairy Industry Association of which defendant is a member. It is further alleged that the plan has been amended from time to time by collective bargaining agreements between the parties the latest of which terminated April 30, 1972, but which agreement it is averred the parties have continued with respect to the pension plan. It is further averred that the defendant has closed its plant at Allegheny County and notified all employees of termination of their employment as of November 30, 1972. The suit asks security from the defendant to protect payments into the pension plan which it is averred will be under-funded. The complaint seeks preliminary and permanent injunctive relief.

■ The suit was filed in State Court on November 27, 1972, and on November 29, 1972, defendant filed a petition for removal to Federal Court on two grounds:

(1) Diversity of citizenship and

(2) Jurisdiction under the Labor-Management Relations Act of 1947, Section 301(a) (29 U.S.C. § 185(a)). Bond was filed and the removal effected pursuant to 28 U.S.C. § 1441. There can be little doubt that the Federal Court has jurisdiction on both bases. While the complaint as filed alleges that Sealtest is a corporation operating a plant and doing business in Allegheny County, Pennsylvania the action also describes the defendant as Sealtest Foods Division of Kraftco Corporation. The petition for removal recites that defendant is a Delaware Corporation with its principal place of business in Illinois and that the amount in controversy exceeds $10,000. The plaintiffs are described as citizens of Pennsylvania and the defendant as not a citizen of Pennsylvania. Under these circumstances, this court has jurisdiction under 28 U.S.C. § 1332 and the removal was proper under 28 U.S.C. § 1441.

■ This court also has jurisdiction under 29 U.S.C. § 185(a) this being a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce and removal would likewise be proper under 28 U.S.C. § 1441. See Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 20 L.Ed.2d 126, 88 S.Ct. 1235 (1958).

Plaintiff contends, however, that the jurisdiction of this court is ousted by a clause in the pension plan which plaintiff claims bestows sole jurisdiction upon the Court of Common Pleas of Allegheny County, Pennsylvania. Section 7.04 of the pension plan provides:

"7.04. Construction. This Agreement has been executed in the Commonwealth of Pennsylvania and shall be administered and construed in accordance with the laws of that Commonwealth. The Trustees may take such actions or proceedings for the settlements of their accounts, or for the determination of any questions of construction that may arise, before any court of the Commonwealth of Pennsylvania having jurisdiction and the only necessary parties to any such action shall be the trustees."

It will be noted that the first sentence of the section only provides that the agreement shall be administered and construed in accordance with the laws of Pennsylvania. The second sentence provides that the trustees may take such action:

(1) for settlement of accounts, or

(2) for the determination of any question of construction which may arise before a Court of the Commonwealth of Pennsylvania. There is nothing mandatory in this section requiring that all suits involving the plan be brought in Pennsylvania State Courts and the clause is thus interpreted as merely a permissive clause. It does not state that suits involving the plan may not be brought in Federal Court if the latter court otherwise has jurisdiction. It will be observed that this suit was brought by the union and two individuals as trustees ad

**250**

litem for the union. A suit has not been brought by the trustees of the pension plan.

Under these circumstances, the court concludes that the parties here have not agreed to oust the Federal Court of its jurisdiction which rests upon the double basis of diversity and 18 U.S.C. § 185(a). In Newman v. Avco Corp., 451 F.2d 473 (6th Cir. 1971), the court said: "Private parties cannot by private contract deprive the District Court of jurisdiction thus conferred by federal statute."

Again, in Patriot-News Co. v. Harrisburg Printing Pressmen, 191 F.Supp. 568 (M.D.Pa.1961), the court stated:

"To hold otherwise would vest the plaintiff with power to withhold from a defendant the use of that forum which Congress has chosen to make available. * * * The suggestion that plaintiff should be permitted to compel defendant to litigate a federal claim in a state court when Congress has explicitly made available a federal forum is indefensible."

Again, in Heatherington & Berner, Inc., v. Melvin Pine & Co., 256 F.2d 103 (2d Cir. 1958) there was a provision in the contract that the parties agreed that the agreement should be governed by the laws of the State of New York in all respects. The Second Circuit held that the plaintiff's contentions that by reason of this provision the parties had consented to the exclusive jurisdiction of the New York courts was absurd on its face and that the clause in question could not possibly be construed as conferring exclusive jurisdiction on the New York courts.

We therefore conclude that there is nothing in the contract in question which could possibly be construed as conferring exclusive jurisdiction on the state courts and if it were to be so construed, it could not operate to oust this court of the jurisdiction conferred upon it by Act of Congress 29 U.S.C. § 185 (a).

For these reasons, the Petition to Remand will be denied.