PEOPLE OF the STATE OF ILLINOIS and the Metropolitan Sanitary District of Greater Chicago, a Municipal Corporation, Plaintiffs,

v.

The SANITARY DISTRICT OF HAMMOND, a Municipal Corporation; Joseph A. Perry; Thomas C. Conley; Gilbert Delaney; Theodore Dunajeski; and the City of Hammond, Indiana, a Municipal Corporation, Defendants.

No. 80 C 4775.

United States District Court, N. D. Illinois, E. D.

Oct. 20, 1980.

Kenneth Anspach, Asst. Atty. Gen., Tyrone C. Fahner, Atty. Gen., George Wm. Wolff, Chief Environmental Control Div., Chicago, Ill., James Murray, Metropolitan Sanitary District of Greater Chicago, Chicago, Ill., for plaintiffs.

Jeremiah Marsh, David O. Toolan, Michael Schneiderman, John L. Conlon, Hopkins, Sutter, Mulroy, Davis & Cromartie, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This complaint alleges that the Sanitary District of Hammond, Indiana (Hammond) unlawfully dumped raw sewage into Lake Michigan causing injury to the People of the State of Illinois. The five–count Complaint was originally filed in the Circuit Court of Cook County and then removed by Hammond. Count III is based on the federal common law of nuisance, *Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972), and the remaining counts are based on Illinois law. The same facts underlie each theory of recovery. The matter is now before the Court on plaintiffs' motion to remand.

Plaintiffs argue that although Count III alone is within the jurisdiction of a federal court, the case is not removable under 28 U.S.C. § 1441(c) as interpreted in *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 705 (1951), because Count III is not separate and independent from the state law claims. In *Finn*, the plaintiff had joined three defendants alternatively, alleging one was liable. Two of the defendants were diverse in citizenship to the plaintiff, but the third was not. The diverse defendants removed the case to federal court under § 1441(c), alleging plaintiff's claims against them were separate and independent. The case went to trial, but the Supreme Court ultimately held that the removal had been improper because the complaint alleged a single wrong and the alternative claims of liability were not separate and independent within the meaning of § 1441(c).

Plaintiffs' reliance on *Finn* is misplaced. Although the complaint alleges a single wrong, there is no need to reach the issue of § 1441(c). The *Finn* Court had to address it because that case as a whole was not within the original jurisdiction of a federal court. There were non–diverse parties and no federal question was presented. Here, on the other hand, Count III is clearly within federal jurisdiction and the remaining counts come within pendent jurisdiction, since they arise from a common nucleus of operative

fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Furthermore, plaintiffs have adopted a too narrow interpretation of the statutory removal scheme. They argue essentially that whenever federal and state law claims are joined, only § 1441(c) is applicable. However, that contention ignores the broader provisions of § 1441(a) and (b). Paragraph (a) provides that *any* civil action within the original jurisdiction of a federal district court is removable (except as otherwise expressly provided by Congress). Paragraph (b) provides that citizenship of the parties has no bearing on the removability of a claim arising under federal law (but when jurisdiction is based on diversity, a local defendant cannot remove). Paragraph (c) provides still another method for removal which is generally utilized to invoke diversity jurisdiction, but it is also applicable to federal question jurisdiction cases. It was only this final method in (c) that was restricted in *Finn*. However, since this case was properly removable under § 1441(a) and (b), the limitations of *Finn* are not applicable. *See Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399 (2d Cir. 1963); *Iodice v. Calabrese*, 291 F.Supp. 592 (S.D.N.Y.1968); 1A *Moore's Federal Practice* ¶ 0.163[4.–5] at 271 (2d ed. 1979); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3724 at 648 (1976).

Accordingly, plaintiffs' motion to remand is denied.