SALLIE M. ANDERSON et al. *v.* THOMAS A. FALCONER.

BOND: FOR INJUNCTION: IF CONDITIONED TO PAY SUCH DAMAGES AS SHALL BE AWARDED, IT IS NO SECURITY FOR THE GENERAL DAMAGE SUSTAINED.—An injunction bond, which is conditioned for the payment by the complainant of "all such damages as shall be awarded against him," is no security for the general damages which the obligee may sustain from the injunction, but only for such as shall be properly awarded against the complainant; and hence, in an action on such bond, unless the declaration avers that damages have been awarded against the complainant, and that he has failed to pay them, it will be bad on demurrer.

IN error from the Circuit Court of Marshall county. Hon. P. T. Scruggs, judge.

*Watson* and *Craft,* for plaintiffs in error.

The only point in this case is presented on the demurrer to plaintiffs' declaration.

Oyer was craved of the bond sued, and also of its condition, and then a special demurrer filed; which see, on pages 7 and 8 of the record.

The condition of the said bond, after reciting that an injunction had been granted, proceeds thus: " Should the said S. M. Anderson prosecute her said suit with effect, or, failing therein, should she well and truly pay, or cause to be paid, to the said Thomas A. Falconer, all such costs and damages as shall be awarded against her, because of the issuing of said injunction, then this obligation to be void, otherwise," &c.

What was enjoined does not appear. Where a proceeding at law was enjoined, the statute in force, when the injunction in the premises was obtained, prescribed that the bond should be conditioned " for paying all money and costs due, or to become due, to the plaintiff in the action at law ; and also all such costs and damages as shall be awarded against him or her, in case," &c. Hutch. Code, 761, sec. 43.

Where the sale of property under execution was enjoined, the bond required was to be conditioned " that the said property shall, in case the injunction be dissolved, be delivered to," &c. Hutch. 775, sec. 6.

Anderson et al. *v.* Falconer.

Where an execution for debt, or a debt due by deed of trust, or mortgage, was enjoined, damages were allowed. Hutch. Code, 775, sec. 8, 9.

Now, the bond sued on was only conditioned " to pay, or cause to be paid, all such costs and damages as shall be awarded against plaintiff in the injunction;" whereas, the breach assigned is not that costs and damages were awarded against plaintiff in the injunction, but that the obligee in the bond had "sustained damages, by the issuing of said injunction, to the amount of one thousand dollars," &c. This, it is submitted, is a fatal variance. See the condition of the bond, and the special demurrer in the declaration.

*Clapp* and *Strickland*, for defendant in error.

It is not necessary to aver in the declaration that the injunction issued,—the bond admits this. *Harper* v. *Montgomery*, 11 S. & M. 611.

The breach should be assigned in the words of the contract. 1 Chit. Pl. 332.

The damages sustained are matter of evidence, and need not be alleged, except in a general manner. *Barrusco* v. *Maden*, 2 Johns. 149; 1 Chit. Pl. 338.

Where the law presumes a damage, no special damage need be alleged. 1 Chit. Pl. 396; 11 Pick. 484.

Damages, naturally resulting from the breach, need not be specially averred. What damages do naturally result? 2 Greenl. Ev. 282 and note.

Special damages are required to be specially alleged, lest the defendant should be taken by surprise. 2 Greenl. Ev. 260, 261; 1 Chit. Pl. 328, 346; 5 Wend. 538; 17 Pick. 78.

In declaring on a bond with collateral conditions, the plaintiff demands the penalty of the bond as the debt; and it is not necessary to suggest any particular damages. *Haslet & Stewart* v. *Pryor*, 5 Hay. 33, 36; 1 Meigs's Dig. 147.

The point chiefly relied upon by counsel for plaintiffs in error is, that the obligors in the injunction bond are only liable to pay such costs and damages as shall be awarded against them in the court from which the injunction issued; and that it is not averred that any damages were awarded in that court, viz., the chancery court.

Anderson et al. *v.* Falconer.

With all due respect to counsel, who assume this position, we cannot regard it otherwise than as a quibble. The bond in this case is an ordinary injunction bond, having all the legal force and effect that attach to that description of bonds. Now, in courts of equity, damages, further than five per cent. in certain cases, are not awarded; and, if the effect of injunction bonds is only to secure the party for whose benefit they are made to this extent, they are a farce and a mockery; a palpable fraud upon his rights.

Take the present case as an illustration. The plaintiff below was proceeding, under a deed of trust, to sell certain property.

The plaintiffs in error filed a bill to enjoin the sale, and obtain an injunction. The property which was in their possession remains there. Falconer's right to get possession of and sell it is arrested by the injunction, and finally the injunction is dissolved and the bill dismissed; but the property has been converted by Eppes and Mrs. Anderson to their use, and at the termination of the chancery suit, Falconer is turned adrift without any indemnity for the injury he has sustained by suing out the injunction. The complainant in the chancery suit who applied for the injunction may be, and we will suppose is, insolvent, the property wasted or eloined, and no one responsible! Now, it is not possible that the law ever contemplated such unmitigated injustice and outrage as this. The only sensible and just interpretation to give to the language and effect of the bond, is that the party and her sureties, who, upon the execution of such a bond, are enabled to suspend the rights of another party, shall be answerable to that party for all such costs and damages *as may be awarded against the principal in the bond, by any court of competent jurisdiction in an action on the bond.* That this is the common sense as well as legal view of the question, we think there can be no room to doubt.

HANDY, J., delivered the opinion of the court.

This action was brought upon an injunction bond, containing the following condition: "The condition of this obligation is such, that whereas the said Sallie M. Anderson has exhibited in the District Chancery Court, &c. . . . her bill of complaint against Thomas A. Falconer, the obligee, praying an injunction against him: and whereas, by the fiat of Hugh R. Miller, judge, &c., the injunction

prayed for has been granted, upon the execution of bond by said complainant conditioned according to law, &c. . . . . . Now, therefore, should the said Sallie M. Anderson prosecute her said suit with effect, or, failing therein, should she well and truly pay, or cause to be paid, to the said Thomas A. Falconer, all such costs and damages as shall be awarded against her, because of the issuing of said injunction, then this obligation to be void," &c.

The breach assigned in the declaration is, that the suit in chancery was not prosecuted with effect, but that the injunction was dissolved and the bill dismissed; and that " the plaintiff *sustained* damages by the issuing of said injunction, to the amount of one thousand dollars," which remains unpaid.

The defendant below demurred to the declaration, assigning, amongst others, the objection, that it does not aver that any damages were *awarded* because of the issuing of the injunction, and therefore that no breach of the condition of the bond is shown. This demurrer was overruled, and the plaintiff had judgment.

We think it clear that the demurrer was well taken.

It does not appear from the record what was the nature of the injunction, or what was enjoined. But whatever may have been its nature and effect, it is manifest that no remedy for the injury resulting to the party enjoined, in consequence of it, could be maintained in an action upon the bond, beyond the plain terms of the bond. If the bond, in the form in which it was executed, was an insufficient security to the party enjoined, for the damage which might be sustained in consequence of the injunction, it was his duty to require, by order of the court, a sufficient bond; but having failed to do so, he cannot afterwards recover upon the bond to an extent beyond the measure of the obligation.

By its terms, the obligors were bound to pay all such costs and damages as *should be awarded* by reason of the failure to prosecute the suit with effect. This language is plain, and not susceptible of doubt, and before any liability to an action could arise upon the bond, it was necessary to aver that damages had been properly awarded; because, to pay such damages was the extent of the obligation. If no damages were awarded, there could be no recovery upon the bond; much less could damages be recovered to a greater extent than were awarded, on the ground that such damages

*had been sustained* by reason of the injunction; for that would be to extend the words of the obligation beyond their plain import, and in effect to make a new bond for the parties by construction, to cover the damage really sustained.

The judgment is reversed, the demurrer to the declaration sustained, and the cause remanded for further proceedings.