STAPLE COTTON CO-OP. ASS'N v. BORODOFSKY.*

(Division A.   June 15, 1926.)

[108 So. 807.   No. 25216-B.]

1. INJUNCTION.
   Damages accruing to defendant on dissolving injunction are on the injunction bond.

2. INJUNCTION. *Liability of co-operative association for wrongfully suing out injunction is limited to one hundred dollar bond filed according to law and attorney's fees of two hundred fifty dollars allowed by trial court will be reduced accordingly (Laws 1922, chapter 179, section 17, subdivision b.)*

   Where co-operative association in bringing suit against member filed one hundred dollar bond in accordance with Laws 1922, chapter 179, section 17, subdivision b, and there was no motion to increase bond, liability of association is limited to one hundred dollars, and attorney's fees of two hundred fifty dollars allowed by trial court on dissolving injunction will be reduced to such amount.

---

*Corpus Juris-Cyc. References:   Injunctions, 32CJ, p. 437, n. 30; p. 449, n. 79; p. 465, n. 92.

APPEAL from chancery court of Bolivar county, Second district.

HON. S. I. OSBORNE, Special Chancellor.

Suit by the Staple Cotton Co-operative Association against I. L. Borodofsky, wherein defendant filed a cross-bill. Judgment for defendant, and plaintiff appeals. Modified and affirmed.

See, also, 139 Miss. 368, 104 So. 91; 143 Miss. 558, 108 So. 802.

McGOWEN, J., delivered the opinion of the court.

In its essential features upon the bill and cross-bill this case is ruled by the case of *Staple Cotton Co-operative Association* v. *J. S. Borodofsky,* 143 Miss. 558, 108 So. 802, this day decided, except as to the question of attorneys' fees amounting to two hundred fifty dollars allowed by the court below on the dissolution of the injunction at the final hearing at a former day of this term. This case was reversed because the chancellor fixed the fees upon the dissolution of the injunction retaining the bill for final hearing, and we then held that it was error where the bill was retained to render judgment upon the bond for damages for the dissolution of an injunction until the case was finally heard on the merits. Thereupon the court upon a final hearing of this case allowed the above fee.

Chapter 179, of Laws of 1922, sec. 17, par. (b). p. 227, is as follows:

"In the event of any breach or threatened breach of such marketing contract by a member or other person, the association shall be entitled to an injunction to prevent the breach or further breach of the contract, and to a decree of specific performance thereof. Pending the adjudication of such an action and upon filing a verified complaint showing the breach or threatened breach, and upon filing a bond in the sum of one hundred dollars, the association shall be entitled to an injunction against the member or other person, provided, however, that the

chancellor in his discretion may increase such bond to five hundred dollars, after a hearing of five days' notice to the parties, if justice demands such increase in the amount of said bond.''

The bond in this case was fixed at one hundred dollars, and no motion was made to increase it to five hundred dollars. It has been repeatedly held by this court that the damages accruing to the defendant are upon the injunction bond, and besides that in this case it is the clear. intention of the legislature to limit the liability of the association for the wrongful suing out of an injunction to the amount named in the statute. So that we think one hundred dollars should be allowed to defendant for the damages sustained in and about the dissolution of this injunction, and to the extent that the damages for attorneys' fees are reduced from two hundred fifty dollars to the sum of one hundred dollars the judgment of the court below is modified.

*Affirmed as modified.*