Per Curiam.
 

 After finding that the primary employer was not in commerce and ruling that the pre-emption rule of
 
 San Diego Building Trades Council
 
 v.
 
 Garmon,
 
 359 U. S. 236, was therefore not applicable, the state court enjoined picketing at the premises of the secondary employer. The judgment must be reversed. The jurisdictional standards established by the National Labor Relations Board (see 23 N. L. R. B. Ann. Rep. 8 (1958)) may be satisfied by reference to the business operations of either the primary or the secondary employer.
 
 Truck Drivers Local No. 649,
 
 93 N. L. R. B. 386;
 
 Teamsters Local No. 554,
 
 110 N. L. R. B. 1769;
 
 Madison Bldg. & Const. Trades Council,
 
 134 N. L. R. B. 517. Here, as the record clearly
 
 *259
 
 shows, the secondary employer’s operations met the jurisdictional requirements. Since the union’s activities in this case were arguably an unfair labor practice,
 
 Sailors’ Union of the Pacific,
 
 92 N. L. R. B. 547, the state court had no jurisdiction to issue the injunction.
 
 San Diego Building Trades Council
 
 v.
 
 Garmon,
 
 359 U. S. 236;
 
 Construction Laborers
 
 v.
 
 Curry,
 
 371 U. S. 542. Accordingly, the petition for certiorari is granted and the judgment is reversed.