INZER, Justice.
This is an appeal by J. D. Broome, doing business as Broome Constructing and Maintenance Company, et al., from a decree of the Chancery Court of Forrest County awarding appellees, Hattiesburg Building and Trades Council, et al. $6,572.72 for damage resulting from the wrongful issuance of an injunction restraining appellees from picketing.
This is the second appearance of this case before this Court. On former appeal we affirmed a decree of the Chancery Court making permanent a preliminary injunction restraining Hattiesburg Building and Trades Council and local unions from picketing the job site of appellant. This decision is reported in 247 Miss. 458, 153 So. 2d 695. Thereafter the appellee labor union filed a petition for a writ of certiorari in the United States Supreme Court. The writ was granted and the decision of this Court was reversed by the United States Supreme Court on April 27, 1964, and is reported in 377 U.S. 126, 84 S.Ct. 1156, 12 L.Ed.2d 172. The Supreme Court held that since the union’s activities were arguably unfair labor practices, “the state court had no jurisdiction to issue the injunction.” Upon remand to this Court we remanded the case to the chancery court for appropriate action. The unions filed a suggestion of damages as result of the wrongful suing out of the injunction. Proper notice was given. Broome answered and denied that the unions were entitled to any damages upon dissolution of the injunction. The basis of Broome’s argument was that the chancery court found, and this Court affirmed, that the union was engaged in an unlawful conspiracy to force him to enter into a contract to make Hattiesburg Trades Council his exclusive hiring agency, and to force him to agree, in violation of the Right to Work provision of the State Constitution, that he would employ only union laborers. The trial court held that the dissolution of the injunction carried with it the finding that the unions were *186 wrongfully enjoined and entitled to damages. The trial court found from the evidence that the unions were entitled to recover damages in the total sum of $6,572.-72, of which five thousand dollars was for their attorney’s fee, the balance being court costs and out-of-pocket expenses. A decree was entered to this effect, hence this appeal.
The principal question involved on this appeal is whether appellees were entitled to recover damages on the dissolution of the injunction even though it was issued as a result of the wrongful acts of appellees, and if so, could the extent of the recovery exceed the amount of the injunction bond.
We are of the opinion that the question relative to recovery of damages is controlled by the decision of this Court in Johnson v. Howard, 167 Miss. 475, 141 So. 573 (1932), where Howard and others were enjoined from violating the primary election laws of this state. The injunction was dissolved for want of jurisdiction. Johnson contended that there was no liability on the injunction bond. He stated his position as follows:
The appellees had no vested right to do that which they were restrained from doing. Upon the other hand, they were enjoined from violating the law, therefore, cannot recover damages. The appellees were not damaged, in that they were only restrained from proceeding in an unlawful manner complained of in the original bill of complaint, and upon the issuance of the injunction, changed their procedure to conform to the requirements of the statute pointed out in the original bill of complaint; and in that the injunction was nullity ab initio. (167 Miss. at 86, 141 So. at 574)
The appellants here state their position in the following language, “no recovery can be allowed on the injunction bond because defendant’s illegal conspiracy was the underlying basis for the entire litigation.” In support of this basic contention, it is said that “the law will not permit a person to take advantage of his own unlawful action and the courts will not grant relief on an illegal contract where the parties are in pari delicto.” It is apparent that the basic contention here is the same as that in the Johnson case, where this Court, speaking through Justice Anderson, said:
As we understand the decisions of our court this question has long since been determined against the appellants’ contention: -“The dismissal of a bill whether by the court or by the complainant operates as a dissolution of any injunction issued thereunder and establishes the fact that it was wrongfully sued out, and that the defendant is entitled to recover whatever damages he sustained by the issuing of same." Griffith’s Chancery Practice, § 463. We think the principle laid down by the author of that work is fully justified by the decisions of our court. Yale v. Baum, 70 Miss. 225, 11 So. 879; Somerville v. Mayes, 54 Miss. 31; Alexander v. Woods, 115 Miss. 164, 75 So. 772; Marshall v. Minter, 43 Miss. 666; Harrison v. Balfour, 5 Smedes & M. 301. (Emphasis in original) 167 Miss, at 487, 141 So. at 574.
The Court also quoted with approval the following statement from Corpus Juris:
32 C.J., p. 452, § 782, states the principle in this language: “In an action on an injunction bond to recover the damages provided for thereby, the decision of the court dissolving the injunction that the same was improperly granted is conclusive of that fact, in the absence of fraud and collusion, and defendant in the action on the bond is not at liberty to go behind the judgment and litigate the question of the right to the-injunction." 167 Miss, at 489, 141 So. at 575. (Emphasis in original)
Broome also urges that the parties involved here are in pari delicto and that our decision in Lowenburg v. Klein, 125 Miss. 284, 87 So. 653, should control. This *187 contention was also made in Johnson. We do not think it necessary to say more than what was said in Johnson relative to this contention:
Appellants contend that Lowenburg v. Klein, 125 Miss. 284, 87 So. 653, is in point in their favor. We do not think it is. It was held in that case that, when an action is based on a contract made in violation of the criminal laws of the state, and the parties to the action are in pari delicto, the . courts ..will not entertain a suit for relief of either against the other, but will leave them as they are found; and, in an injunction suit based upon such a contract, attorney’s fees should not be allowed to the defendant upon the dissolution of the injunction. The question involved in that case is a very different one from that here involved. The contract in that case was made in violation of both the criminal laws of the federal and the state governments, and both parties to the contract were equally in the wrong. It is an elementary principle that in such a case the whole subject-matter of the litigation’ is outlawed, the courts refuse to deal with it at the instance of either party, they wash their hands of the whole matter. It is apparent at once that the present case is entirely outside of any such principle as that. There are some authorities from other states cited in appellants’ brief that seem to sustain their position, but we think, and have undertaken to show, that the better reasoning is to the contrary. 167 Miss. at 491, 141 So. at 576.
The Court also discussed the question of whether, when an injunction is dismissed for want of jurisdiction, damages could be awarded:
The result is the same where the injunction proceeding is void for want of jurisdiction of the court to entertain it. Where a complainant has secured an injunction and stayed his adversary’s proceedings, and thereby caused him to suffer damages, it is too late for the complainant to set up as a defense in an action on the injunction bond a want of jurisdiction in the court to grant the injunction. He is estopped to say that the court granted the injunction without jurisdiction. It does not lie in the mouth of one who has affirmed the jurisdiction of a court to grant an injunction, where he has accomplished his purpose by the injunction, to afterwards deny such jurisdiction. 32 C.J., p. 453, section 783, and footnote. (167 Miss. at 489, 141 So. at 575)
The holding in Johnson, that where the only relief sought is injunctive relief and a preliminary injunction is issued, dismissal of the bill for any reason is conclusive that the injunction was wrongfully sued out, has been followed by this Court in numerous cases since that time. Therefore, we are of the opinion that the trial court correctly held that the unions were entitled to recover damages, irrespective of the reason why they were enjoined.
This brings us to the question of the extent of the recovery. The injunction bond was for $1,500, conditioned to pay “all damages and costs which may be awarded against the complainant.” Broome contends that the trial court could not award damages upon the dissolution of the injunction in excess of the penalty and that this limitation applies to both principal and surety. With this contention we agree. Early in the judicial history of this state, in the case of Anderson v. Falconer, 34 Miss. 257 (1857), in a suit on an injunction bond, it was held that no recovery could be had in excess of the penalty of the bond. The court said:
It does not appear from the record what was the nature of the injunction, or what was enjoined. But whatever may have been its nature and effect, it is manifest that no remedy for the injury resulting to the party enjoined, in consequence of it, could be maintained *188 in an action upon the bond, beyond the plain terms of the bond. If the bond, in the form in which it was executed, was an insufficient security to the party enjoined, for the damage which might be sustained in consequence of the injunction, it was his duty to require, by order of the court, a sufficient bond; but having failed to do so, he cannot afterwards recover upon the bond to an extent beyond the measure of the obligation. (34 Miss. at 260 (1857))
Since that time it has become well settled in this state that in suits upon injunction bonds no recovery may be had against principal or sureties in excess of the penalty of the bond. However, appel-lees urge that Mississippi Code 1942 Annotated, section 1353 (1956) does not limit the recovery of damages to the amount of the injunction bond. They argue that the dissolution of the injunction gave them the choice of proceeding under the statute or proceeding in a court of law in an action against the bond. It is urged that the intention of the legislature was to afford an additional security to cover any damages that might be sustained, and not to limit the recovery. Section 1353 is in the following language:
§ 1353. Suggestion of damages and decree therefor.
Where the party claiming damages shall desire, upon the dissolution of an injunction, to have the same ascertained and decreed by the chancellor or the chancery court, he shall suggest in writing, on the hearing of a motion to dissolve the injunction, the nature and amount of the damages; and the chancellor or court shall hear evidence, if necessary, and assess the damages, and decree the same to the party entitled thereto, for which execution may be issued, as in other cases, against the obligors in the bond given for the injunction. And if the chancellor, instead of hearing evidence as to said damages — which may be by witnesses examined before him in vacation or in term-time, or by deposition, according to the circumstances — shall see proper, he may make a reference to a master to take testimony and report in such matter; but nothing herein contained shall prevent the party entitled from maintaining a suit on the injunction bond, if his damages shall not be assessed as herein provided for.
The source of this statute reflects that it first appeared as Section 1919 of the Code of 1880 in practically the same language and that it has been brought forward in all our codes since that time without material change. Apparently, prior to the enactment of this statute the only way to recover damages upon the dissolution of an injunction was by a suit upon the injunction bond. The legislature provided that the person enjoined could, instead of bringing a separate suit on the bond, have his damages ascertained in the proceeding in which the injunction was granted. It did not, as contended by appellee, provide an additional security for damages. It simply provided a more convenient method of proceeding against the bond. Staple Cotton Co-Op v. Borodofsky, 143 Miss. 585, 108 So. 807 (1926), involved a case where the damages were fixed by the chancellor on suggestion of Borodofsky after the dissolution of the injunction. The amount fixed was $250, The injunction bond was $100. Upon appeal the court said,
The bond in this case was fixed at $100, and no motion was made to increase it to $500. It has been repeatedly held by this court that the damages accruing to the defendant are upon the injunction bond, and besides that in this case it is the clear intention of the Legislature to limit the liability of the association for the wrongful suing out of an injunction to the amount named in the statute. So that we think $100 should be allowed to defendant for the damages sustained in and about the dissolution of this injunction, and to the extent that the damages for attorneys’ *189 fees are reduced from $250 to the sum of $100 the judgment of the court below is modified. 143 Miss, at 587, 108 So. at 807.
This holding is in keeping with the general rule followed by a majority of the courts as stated in 70 A.L.R. at 63,
Although there is some authority (noted in subdivision III.) to the effect that an injunction bond carries with it interest in excess o'f 'the ¿mount of the penalty stated therein, and that costs may sometimes be allowed in addition to the penalty, by the great weight of authority nothing beyond the sum which has been designated in the bond as the penalty may be recovered, even against the principal, either in an action on the bond or in a statutory proceeding for assessment of damages; and in this connection it has been generally held, or at least suggested, that, for damages in excess of the penalty of the bond, the principal, who obtained the injunction, would be liable only in an action based on some such ground as malicious prosecution, independently of the bond.
 We are constrained to hold that the chancellor was in error in awarding damages in excess of the penalty of the bond. Since the recovery is limited to the sum of the penalty of the bond, it should be pointed out that a judge, in fixing the amount of the bond required before the issuance of the preliminary injunction, should be careful to fix the amount in a sum large enough to cover any reasonably foreseeable damage that might be incurred if it later develops that the injunction was wrongfully issued. Especially is this true where, as here, the preliminary injunction is issued without notice. Furthermore, the chancellor should upon proper application require an additional bond when the proof shows that the bond originally required is insufficient to cover the probable damage if disssolved. However, these matters are within the sound discretion of the chancellor and will not be disturbed by this Court unlesss there has been an abuse of discretion.
We have carefully examined the other errors assigned and find them to be without merit. Therefore, the decree will be modified so as to reduce the amount of the award of damages from $6,572.72 to $1,500. As modified the decree will be affirmed.
Affirmed as modified.
GILLESPIE, P. J., and RODGERS, JONES, and BRADY, JJ., concur.