INZER, Justice:
This is an appeal by Hattiesburg Building and Construction Trades Council and Jim D. Touchstone from a decree of the Chancery Court of Forrest County wherein that court entered a final decree making permanent temporary injunction prohibiting appellants from picketing the job sites where appellee Mississippi Mechanical Contractors, Inc. had contracts to do certain mechanical work.
Appellee is a plumbing, heating and air conditioning contractor. It is a Mississippi corporation and does business in Mississippi and Louisiana. It had contracts with the Hattiesburg Country Club and Forrest General Hospital to do certain work. A. K. Mclnnis, Jr., Inc., a corporation, had the general construction contract for both of these jobs. However, appellee was not a subcontractor of Mclnnis. Its contract was directly with the country club and the hospital. All of appellee’s employees, with the exception of an office manager and a bookkeeper, are members of the United Association of Plumbers and Steam Fitters Local No. 817 (AFL).
Appellant Hattiesburg Building and Trades Council is composed of several local unions working in the area including Local 817. Appellant Jim Touchstone is its president. Each local union elects one of its members to serve on the council. The council entered into negotiations with Mc-lnnis and other general contractors in the area in an attempt to get them to sign collective bargaining contracts. Being unable to get Mclnnis to agree to the contract, the council caused pickets to be placed on the job site at the country club and the hospital. When this was done, the employees of appellee refused to cross the picket line and appellee’s part of the work was stopped.
On November 15, 1966, appellee filed a bill of complaint seeking an injunction to restrain appellants from picketing the job site at the country club. The bill alleged that it had a contract with the club to do certain plumbing, heating and air conditioning and that it had entered into a performance bond to guarantee the successful completion of the contract within the given length of time and the work was to be done so as not to impede other contractors’ work on the job. It was alleged that appellants had set up the picket lines and appel-lee’s employees, all being members of Local 817, were not willing to cross the picket line, causing appellee’s part of the work to be stopped. Further, that the employees of Mclnnis, the general contractor, continued to work and the country club had notified appellee that he was holding up the work on the other contractors and unless appellee made immediate steps to comply with his contract, action would be taken to terminate it.
The bill also alleged that there were no violations of the National Labor Relations Act but that there was a violation of the Mississippi Right-to-Work law and that a picket line should not be permitted under this constitutional provision when the same is identified solely with the question of whether or not some unions or some third party had taken the law into its own hands to the extent of seeking to require others to join a union or to require others to employ only union labor, by setting up a picket line to cut off work rights, work privileges and work opportunity.
The bill further alleged that on November 14, 1966, a picket line had been set up by appellant and appellee and its employees were innocent by-standers and were being adversely affected by the actions of appellant resulting in its great detriment. That appellee was entitled to injunctive relief so that its status quo relation and identity *101 might exist until the rights of the parties were determined. Further, that there was no claim of violation of the National Labor Relations Act, no claim of jurisdictional dispute, and no claim under any laws of the United States or regulations of any other agencies. That upon the sign carried by the pickets appeared the words:
“A. K. Mclnnis
Unfair
No Signature
On Builders Trade Contract.
H. B. & C. T. C.”
and it was this which was blocking appel-lee’s work and making it impossible to proceed, causing it great losses and the possibility of the claim of breach of contract and irreparable losses which could continue until there was termination of the picket lines; that appellee had no adequate remedy at law and it was entitled to a prohibitory injunction without notice to prevent the continuance of the irreparable injury.
The bill prayed for the issuance of a fiat directing the clerk to issue the writ of injunction and for process upon appellant and asked that upon final hearing the injunction be made permanent and a monetary decree be entered against appellant for such amount as the testimony might justify.
On the same date, a fiat was issued directing the clerk to issue the preliminary mandatory injunction as prayed for upon the execution of a bond in the sum of $3,-000. The bond was executed and the temporary injunction was issued.
On November 21 appellee filed another bill of complaint seeking to enjoin appellants from picketing the job site at Forrest General Hospital. The allegations in this bill were similar to those in the Bill of Complaint filed in the country club controversy. A preliminary injunction was issued without notice.
Appellants filed a demurrer, a motion to dissolve and an answer with seven affirmative defenses to each of the bills of complaint. In addition to denying that they were in any way attempting to violate the Right-to-Work law, appellants affirmatively pled in their answer that the court had no jurisdiction for the reason that the bill of complaint shows on its face that there was a labor dispute within the meaning of the National Labor Relations Act, 29 U.S. C.A. § 151 et seq. Appellants also pled that to enjoin all picketing, including peaceful picketing, despite the fact that there was no allegation of violence, trespass, damage, or personal injuries would be in violation of the constitution of the United States and the constitution of the State of Mississippi. Appellants also pled that by picketing they were not violating any of the laws of the state and that the picketing by the union was a right guaranteed by the constitution and the acts of Congress. Appellants filed as exhibit to their answer a copy of the contract that they had been trying to negotiate with Mclnnis.
Appellee answered the affirmative matter set up in the answer and denied that the case was one to fall within the meaning of the National Labor Relations Act.
At the regular December 1966 term of the court, it was stipulated that the two cases would be consolidated for the purpose of the hearing. The evidence reflected that appellant, Touchstone, had as a representative of the council been trying to get Mc-lnnis and other general contractors in the area to sign collective bargaining agreements with the union; that he and Mclnnis had discussed the matter and when he was unable to get Mclnnis to sign the agreement, the council voted to place pickets on the two job sites in an attempt to get Mc-lnnis and other contractors to sign an agreement with the union. The evidence also reflects that if union members crossed the picket lines, they were subject to having charges preferred against them and could be fined and expelled from the union. All of appellee’s employees refused to cross the picket line and appellee was unable to proceed with his contract.
Mr. E. L. Nix, business manager of Plumbers and Pipe Fitters Local 817, was *102 called as an adverse witness and he admitted that the Local had no dispute with appel-lee but as a representative of the Local on the council, he had voted to place pickets at the job site in order to attempt to get Mc-lnnis to sign a collective bargaining contract with the council. In the course of his examination, it was developed that Local 817 had a collective bargaining contract with appellee. He was asked to produce a copy of the contract and it was introduced in evidence without objection. He testified that he would not as a representative of the Local give permission to appellee or his employees to cross the picket line and if they had crossed he would not have protected them.
Mr. Charles H. Smith, president of appel-lee corporation,, testified that he was a union member and that neither he nor any of his employees would cross the picket line because if they did so they would be subject to punishment. He tried to get permission or sanction from the trades council and Local 817 for his employees to cross the line but such permission was not granted.
The evidence also tended to establish that Mclnnis and other contractors were paying below the union scale and for that reason the council was attempting to get Mclnnis and others to sign a contract with the union which would provide for a union scale and protect the other working conditions.
At the conclusion of the testimony, the court denied the motion to dissolve the temporary injunctions and ordered such injunctions made permanent. The court found that there was no dispute between Mississippi Mechanical Contractors and appellant. The court further found that there was a contract existing between appellee and a member of the trades council, Local 817, and that the purpose of that contract was to prevent what was happening here and that the contract was being abrogated through the agent of the local. He found that no actual damage had been proven and assessed nominal damages in the amount of $1 against appellants.
The court made no finding as to whether a labor dispute existed between the trades council and Mclnnis, the contractor who was being picketed. The court made no finding that there was any violation or attempt by appellant to violate the Right-to-Work law. The sole basis on which the court found that it had jurisdiction was the fact that the proof showed that there was a contract between appellee and local No. 817 and that the picketing was causing the contract to be violated by the members of the local.
Appellants urge that the trial court was without jurisdiction to enjoin them from all picketing for the reason that Congress had pre-empted this field by the passage of the National Labor Relations Act. On the other hand, appellee urges that the trial court had jurisdiction to enforce specific performance of a “no-strike” clause of a collective bargaining agreement, even, though unfair labor practices are involved. Appellants do not deny that the state court had jurisdiction to entertain suits for specific performance of collective bargaining contracts, but point out that this was not a suit for specific performance of a contract, but was a suit based upon an alleged violation of the Right-to-Work law.
A study of the allegations of the bill of complaint, which we have set out in some detail, and the evidence in this case clearly show that the trial court was without jurisdiction for the reason that arguably a labor dispute existed between appellant and Mclnnis and therefore this field has been pre-empted by the passage of the National Labor Relations Act. Hattiesburg Building and Trades Council v. Broome, 247 Miss. 458, 153 So.2d 695 (1963), involved a suit by Broome and his employees to enjoin Hattiesburg Building and Trades Council from picketing and otherwise interfering with Broome and his employees in carrying out Broome’s contract to do certain work for Pontiac— Eastern Corporation at its refinery in Lamar County. The bill of complaint there alleged that the council was attempting to *103 force Broome to enter into a contract which would require that his employees belong to a labor union against their will and require Broome to employ only union members in violation of the Mississippi Right-to-Work law. The proof established that this was true and the court there specifically found from the evidence that the union was picketing the job site for the purpose of forcing Broome to sign a contract, which would violate the Mississippi Right-to-Work law. Upon appeal to this Court we affirmed and among other things said:
If Broome had complied with these demands and had entered into a contract with the defendants to that effect, an illegal combination and conspiracy to deny and abridge the right of ten of the complainants and other persons to work in this State would have been formed and entered into against the public policy of this State, and in violation of Chap. 249, Laws of 1954, Sec. 6984.5, Code of 1942, Rec., and Sec. 198-A, Art. 7 of the Mississippi Constitution. 247 Miss. at 478; 153 So.2d at 703.
In the case before us, the contract which the council was trying to get Mclnnis to sign does not appear on its face to be a contract which would be in violation of the Mississippi Right-to-Work law. However, if it did, it would be in the same status as the contract in Broome. Our decision in Broome was reversed by the Supreme Court of the United States. That court held that the proof in that case, as it does here, met the jurisdictional standards established by the National Labor Relations Board, and since the activities of the union were arguably an unfair labor practice, the state court was without jurisdiction. Hattiesburg Building and Trades Council v. Broome, 377 U.S. 126, 84 S.Ct. 1156, 12 L.Ed.2d 172 (1964).
Therefore it is apparent that the trial court was without jurisdiction in this case unless as contended by appellee the court had jurisdiction to enforce appel-lee’s rights under its contract with Local 817. In fact, appellee does not argue that the jurisdiction of the trial court can be upheld on any other basis. This brings into focus the question of whether the trial court could go outside the pleadings to find jurisdiction. There is no question relative to the jurisdiction of the chancery court of this state to entertain suits for specific performance of contracts, but it is a fundamental principle that even though the court may have potential jurisdiction, such jurisdiction does not become actual until it is presented to the court by formal pleadings stating facts “which must include an injury to, or a right withheld from, the complaining party by the opposite party and a request for appropriate aid of the court in respect thereto.” Griffith, Chancery Practice § 30 (2d ed. 1950) at page 33. The writer also states in the same paragraph:
It equally follows, under the principle stated and for the preservation of its full integrity, that the extent of the interference of the court is limited by the pleadings, — by the facts and issues as stated therein, and extends no further; in other words, the court has no proper jurisdiction of the facts and issues other than as presented to the court by the pleadings and an assumption to act beyond the scope thereof, although there be proof of such extraneous facts, is unauthorized, and is either void or erroneous according to the extent that the action overruns the issues made in the record of the pleadings. And as a consequence, it also follows that if no case for relief is made by the pleadings, or by valid amendments thereto, then the court will not act therein at all beyond a dismissal of the pretended cause out of court; and this will be done even though no defense is made; for if there be no case stated it is made no better by a neglect to defend. It will still be no case. Id. at 33.
An examination of the allegations in the bill of complaint reveals that no mention is made therein of any contract by and between appellees and Local 817. A copy *104 of the contract was not made as an exhibit to the bill, the prayer of the bill did not ask for any specific performance of the contract. The jurisdiction of the court is conferred by the pleading and before the court has jurisdiction to enforce specific performance of a contract, it must find its jurisdiction within the contents and scope of the pleadings. The fact that the proof in this case reveals that appellee had a contract with Local 817, which they could have sued upon and asked for specific performance thereof, is not sufficient. There was no motion on the part of appellee to be allowed to amend its bill of complaint to conform to the proof. Whether such amendment would have been proper under the circumstances in this case, we are not called upon here to decide, but it is only mentioned to show that appellee was not basing his case upon its contract with Local 817. Neither are we called upon to decide here whether upon a suit for specific performance of a contract, appellee would have been entitled to an injunction which would have restrained appellants from engaging in all peaceful picketing.
We are constrained to hold that the jurisdiction of the trial court was limited to the pleadings and the pleadings and proof bring this case within the field which had been pre-empted by the passage by the Congress of the United States of the National Labor Relations Act and the decisions of the Supreme Court of the United States interpreting such act. Accordingly, the decree of the trial court is reversed, and judgment is entered here dissolving the injunctions and dismissing the bill of complaint, and the cause is remanded for the determination of the question of damages claimed by appellant upon the dissolution of the injunctions.
Reversed and judgment here for appellant and cause remanded.
ETHRIDGE, C. J., and RODGERS, JONES, PATTERSON and ROBERTSON, JJ., concur.