SMITH, Justice:
Hattiesburg Building & Construction Trades Council, a labor organization, and Jim D. Touchstone, its president, have appealed from a final decree of the Chancery Court of Forrest County, entered at the suit of Chain Electric Company, Inc., making permanent a temporary mandatory injunction previously issued, requiring and enjoining them (their agents, members, ' etc.) “from picketing the campus of the University of Southern Mississippi in the ongoing of work efforts thereon in progress in order that electrical workers of complainant (Chain Electric) may enter the premises and do their work in an orderly manner. * * * ”
There is little factual dispute. Appel-lee (Chain Electric, complainant below) is a Mississippi corporation engaged in contracting electrical work. The controversy, out of which the present litigation arose, came about essentially in this manner. A. K. Mclnnis, Jr., Inc., who is not a party to these proceedings, entered into a contract for certain construction work at the University of Southern Mississippi. Chain Electric contracted the electrical work to be done in connection with the job. The mechanical work was let to another contractor who is not here involved.
A labor dispute had developed between the appellant labor organization and the general contractor, A. K. Mclnnis, Jr. All of Chain Electric’s employees were members of a union (International Brotherhood of Electrical Workers) and there was no dispute with Chain Electric. The controversy with Mclnnis was not resolved and a picket line was formed at the job site. For a while, by mutual agreement, employees of Chain Electric crossed the picket line and continued to work. The picketing was peaceful and there was no violence, coercion or intimidation and none is charged. After a time, however, the agreement was terminated and Chain Electric’s employees refused to cross the picket line to the job site. This effectively halted the electrical work, although there was no dispute with Chain Electric and the picketing was not directed against that company.
The position of appellants is, in essence, that the Chancery Court of Forrest County was without jurisdiction to enjoin the use of peaceful picketing in an existing labor dispute for the reason that the Congress of the United States “preempted the *926 field” through the enactment of the National Labor Relations Act.
Appellee contends that it is engaged in no labor dispute but that the picketing of Mclnnis by appellants results in a “secondary boycott” of Chain Electric, in that its own union-member employees insist upon honoring the picket line and in refusing to cross it to report for work at the job site. It is argued that, unless it had been enjoined, this would have caused irreparable injury to Chain Electric, in that it is necessary, if it is to be done economically and efficiently, to do the electrical work as construction progresses, otherwise prohibitive costs and difficulties ensue.
We think it is established in the record that both Chain Electric and Mc-lnnis were engaged in businesses “affecting commerce” as defined in Section 2 of the Management Relations Act of 1947, as amended. Moreover, the same section defines “labor dispute” as contemplated by the act. Unquestionably, Mclnnis was engaged in a “labor dispute” within that definition.
As we read the relevant Federal statutes and the decisions of the United States Supreme Court and of this Court, construing them, the jurisdiction of the National Labor Relations Board attaches when there is an existing labor dispute. This jurisdiction exists without regard to the merits of the controversy.
In other words, where there is a labor dispute in a business engaged in or affecting interstate commerce, unaccompanied by serious violence, threats or coercion, the state courts are without jurisdiction, jurisdiction of the controversy having been vested exclusively in the National Labor Relations Board.
It is immaterial to the jurisdiction of the National Labor Relations Board whether the employer or the union is charged with the “unfair labor practice.” If there is a labor dispute within the meaning of the act, and there was in the case here, jurisdiction attaches.
This doctrine seems to rest upon the theory that the national government has established a comprehensive and effective system under the Labor Management Act for governing labor relations and deciding labor disputes.
The National Labor Relations Board was set up as a tribunal with special attributes and powers and vested with jurisdiction to determine and adjudicate these controversies, preempting the field and excluding the state courts, with certain limited exceptions. These exceptions include the power of the state courts to protect and safeguard the public peace. Admittedly in this case there was no violence nor any allegation of violence.
We have concluded that, under the acts of Congress, as construed in decisions of the United States Supreme Court and of this Court, exclusive jurisdiction in this case lay with the National Labor Relations Board and the Chancery Court of Forrest County was without jurisdiction to enjoin peaceful picketing by the labor organization. Hattiesburg Bldg, and Trades Council v. Broome, 247 Miss. 458, 153 So.2d 695; 377 U.S. 126, 84A S.Ct. 1156, 12 L.Ed.2d 172 (1963); San Diego Bldg. Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Amalgamated Meat Cutters & Butcher Workmen of North America, Local 427 v. Fairlawn Meats, Inc., 353 U.S. 20, 77 S.Ct. 604, 1 L.Ed.2d 613 (1957); Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601 (1956) ; Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546 (1955); Garner v. Teamsters, etc., Local Union No. 776, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953).
In Fishermen and Allied Workers, etc. v. Quaker Oats Company, 235 Miss. 401, 109 So.2d 321 (1959), this Court said:
We think it cannot be successfully maintained that the appellee was not engaged
*927 in interstate commerce, and that such commerce would not be affected by the dispute. * * *
In the case of N.L.R.B. v. Richter’s Bakery, 5 Cir., 1944, 140 F.2d 870, certiorari denied 322 U.S. 7S4, 64 S.Ct. 1267, 88 L.Ed. 1584, it was held that a bakery whose products were sold and consumed' locally but which purchased from sources outside the state raw materials valued at more than $60,000 which constituted twenty-five percent of the value of all raw materials used was engaged in “commerce”, and subject to the Labor Management Relations Act. (Id. at 411, 109 So.2d at 326.)
In support of its conclusion in Fishermen, supra, this Court cited: N.L.R.B. v. Schmidt Baking Company, 122 F.2d 162 (4th Cir. 1941); Wilson & Company v. N.L.R.B., 103 F.2d 243 (8th Cir. 1939).
In Fishermen, supra, this Court concluded :
In the light of the views hereinbefore expressed, it is our conclusion that the court below was without jurisdiction to determine the question involved and that the controversy here involved was a labor dispute affecting interstate commerce and that jurisdiction of the same was vested in the National Labor Relations Board. * * * (235 Miss, at 417, 109 So.2d at 329)
Nor is the result different because the controversy here was with the general contractor and there was no dispute with Chain Electric. It was, nevertheless, a “labor.dispute” of which the National Labor Relations Board had jurisdiction, even if, as charged by appellee, this “unfair labor practice” of which appellants were alleged to be guilty was that of conducting a “secondary boycott.” Jurisdiction to determine the dispute still lay with the National Labor Relations Board.
Since the court below was without jurisdiction, the decree appealed from is reversed, the injunction is finally dissolved, the bill of complaint is dismissed, and the case is remanded for the purpose of assessing the damages sustained by appellant as a result of the issuance of the injunction.
Reversed, injunction dissolved, original bill dismissed, and remanded for assessment of damages.
GILLESPIE, P. J., and RODGERS, PATTERSON, and ROBERTSON, JJ., concur.