BROOM, Justice.
State court jurisdiction of a labor dispute was assumed by the Chancery Court of Forrest County, Mississippi, and International Brotherhood of Electrical Workers, Local 903, appeals. The decree appealed from made permanent a temporary injunction prohibiting the appellants from picketing the place of business of Chain Lighting & Appliance Company. We reverse.
The controlling issue is: Did the lower court have jurisdiction to enjoin peaceful picketing, or had the United States Congress “preempted the field” by enacting the National Labor Relations Act?
Appellee is a Mississippi corporation engaged in retail merchandising, and purchases its stock both from within and without the State of Mississippi. Chain Electric Company is a Mississippi corporation engaged in contracting electrical work. Ownership of the two corporations is vested chiefly in the same person. The two corporations share a building on West Pine Street in Hattiesburg, although they maintain separate entrances. Chain Lighting & Appliance Company’s entrance is located on West Pine Street, and Chain Electric Company’s entrance is located on a private alley on the side of the common building.
A labor dispute developed between the appellant, International Brotherhood of Electrical Workers, Local 903, a, labor organization, and Chain Electric Company. An alleged violation of the Collective Bargaining Agreement by Chain Electric Company was the subject in dispute. The controversy with Chain Electric Company was not resolved, and a picket line was then formed at the West Pine Street location of the two companies. Picketers walked on West Pine Street from one end of the building to the other. The entrance to Chain Lighting & Appliance Company was located behind where peaceful picketing was occurring.
Appellant argues persuasively that the lower court was without jurisdiction to enjoin the use of peaceful picketing in an existing labor dispute because the Congress of the United States “preempted the field” by the enactment of the National Labor Relations Act (the Act). Appellee contends that it was not engaged in a labor dispute, and that the picketing of Chain Electric Company by appellant resulted in a “secondary boycott” of Chain Lighting & Appliance Company. Additionally, appel-lee contends that the entire issue is now *532 moot since the Regional Office of the National Labor Relations Board (NLRB) declined to intervene in the matter after it was requested to do so by appellant.
A review of the record establishes two salient facts: (1) Both Chain Lighting & Appliance Company and Chain Electric Company were businesses engaged in interstate commerce within the meaning of the Act; and, (2) they were both in a situation where there was an existing “labor dispute” unattended by serious violence or breach of the peace. 29 U.S.C.A. Labor Law section 152(9) (1973), defines “labor dispute” as “any controversy concerning” such things as “terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee” (emphasis added). Certainly the union activity (peaceful picketing) by appellant was “concerned with” a controversy concerning “terms or conditions of employment” of its members, and the appellee was arguably involved in a controversy as defined in section 152(9), supra, though not in the relation of “employer” with appellant’s members.
This Court has recognized the exclusive jurisdiction of the NLRB in controversies pertinent to labor disputes in which the union activity in question “is arguably” within the purview of sections 7 or 8 of the Act. [29 U.S.C.A. Labor Law §§ 157 & 158], International Ass’n of Bridge, Structural & Ornamental Iron-workers, AFL-CIO, Local Union 710 v. Howard L. Byrd Bldg. Serv., Inc., 284 So. 2d 301 (Miss.1973) ; Hattiesburg Bldg. & Constr. Trades Council v. Chain Elec. Co., 209 So.2d 924 (Miss.1968); Hattiesburg Bldg. & Constr. Trades Council v. Mississippi Mechanical Contractors, Inc., 207 So.2d 99 (Miss.1968). Jurisdiction is with the NLRB without regard to the merits of the controversy or to the controversy’s final determination. Chain Elec. Co., supra. State courts are, therefore, without jurisdiction in matters involving labor disputes, unless it is established that such disputes are accompanied by serious violence, intimidation or coercion. Howard L. Byrd Bldg. Serv., Inc., supra; Chain Elec. Co., supra; Masonite Corp. v. International Woodworkers of America, AFL-CIO, 215 So.2d 691 (Miss.1968).
The refusal of the Regional Office of the NLRB to intervene in a controversy does not invest the states with jurisdiction over activities which they have been preempted from regulating. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601 (1957). We are bound by San Diego Bldg. Trades Council, supra, which held that state jurisdiction must yield when conduct is arguably or potentially subject to the Act, supra, even though the NLRB may decline “to assert jurisdiction,” or may not take action because its General Counsel may refuse to file a charge. Stated another way, in cases where the NLRB fails to assume jurisdiction (as was the case before us), such failure does not leave the state free to regulate activities it would otherwise be precluded from regulating.
Without any applause on our part, we note that the flow of power continues to gravitate from the respective states toward a more centralized concentration of power, and such gravitation did not originate or result from any action of this Court. We are simply bound by legislative action of the United States Congress, supra, and subsequent interpretations of the United States Supreme court, supra, which to a large extent preempts the states from the field of labor disputes unattended by violence or threat to domestic peace. We are mindful that the preemption doctrine does not apply to every conceivable situation pertaining to labor disputes. The doctrine has been held not to apply to the following: certain actions for damages, disputes *533 “involving alleged breaches of the union’s duty of fair representation,” disputes which “touched interests so deeply rooted in local feeling and responsibility,” and disputes in which the Board declines jurisdiction because in its opinion the effect of such dispute “on commerce is not sufficiently substantial” pursuant to 29 U.S.C. A. Labor section 164(c)(1) (1965). Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Such exceptions to the doctrine are not present in the case before us.
The decree appealed from must be reversed, the injunction is dissolved, and the bill of complaint dismissed.
Reversed and rendered.
RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON, SUGG, and WALKER, JJ., concur.