**Jack CUNNINGHAM and Jack Cunningham, Inc., Plaintiffs,**

v.

**Joel DIXON; Ted Dixon; United Steel Workers of America Local 6856; United Steel Workers of America International AFL–CIO; Carl W. McManus, President USWA Local 6856; and Kirby Hutchins, Defendants.**

No. C–2–87–896.

United States District Court, S.D. Ohio, E.D.

Nov. 13, 1987.

Steven J. Paffilas, Cleveland, Ohio, for plaintiffs.

Stewart R. Jaffy, Columbus, Ohio, Richard Brean, United Steel Workers of America, Pittsburgh, Pa., Stephen D. Martin, Martin, Eichenberger & Baxter Co., LPA, Worthington, Ohio, for defendants.

OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider plaintiffs' motion to remand and defendants' motion for leave to file an amended petition for removal.

On June 24, 1987, plaintiffs, Jack Cunningham and Jack Cunningham, Inc., filed this action in the Court of Common Pleas for Washington County, Ohio. Count Four of the complaint alleges that two of the defendants, United Steelworkers of America International AFL–CIO and USWA Local 6858, have engaged in an unlawful secondary boycott against the plaintiffs. There is no reference on the face of the complaint to federal law. However, on July 24, 1987, defendants filed a petition for removal to this Court. Plaintiffs have filed a motion to remand, which is now before the Court. In addition, defendants have filed a motion for leave to file an amended petition for removal.

Plaintiffs contend that this action was improvidently removed because the complaint alleges only state law claims, none of which could have been brought originally in federal court. In response, defendants contend that Count Four of the complaint is within the scope of federal labor law. Specifically, defendants assert that Count Four alleges a secondary boycott within the exclusive jurisdiction of Section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187. Defendants contend, therefore, that this action is removable under 28 U.S.C. § 1441.

If this action is to be properly removed to this Court, a federal question, that is, a question arising under federal law, must appear on the face of plaintiff's complaint. *Franchise Tax Board v. Construction La-*

borers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Known as the "well-pleaded complaint rule," this general rule prohibits a defendant from removing a case to federal court by simply raising federal preemption as a defense. *See Taylor v. General Motors Corp.*, 763 F.2d 216 (6th Cir.1985). An exception to this rule exists, however, where a plaintiff has "artfully plead" only state law claims and excluded federal claims which necessarily arise from the facts alleged in the complaint. *See Adkins v. General Motors Corp.*, 578 F.Supp. 315, 317–19 (S.D. Ohio 1984).

With respect to Section 303 of the LMRA, the United States Supreme Court concluded in 1964 in a similar Ohio case that any state law regulating non-violent secondary boycotts is preempted by federal labor law. *Local 20, Teamsters Union v. Morton*, 377 U.S. 252, 84 S.Ct. 1253, 12 L.Ed.2d 280 (1964). The Supreme Court based this conclusion on the following argument:

> If the Ohio law of secondary boycott can be applied to proscribe the same type of conduct which Congress focused upon but did not proscribe when it enacted § 303, the inevitable result would be to frustrate the congressional determination to leave this weapon of self-help available, and to upset the balance of power between labor and management expressed in our national labor policy.

*Id.* at 259–60, 84 S.Ct. at 1258; *see also Lodge 76, International Ass'n of Machinists v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976). In light of this controlling authority, the Court finds that Count Four of plaintiffs' complaint is preempted by Section 303.

In a related argument, plaintiffs contend that this action is not within the scope of Section 303 because plaintiffs are not engaged in interstate commerce. This argument, however, is entirely without merit because the Supreme Court has held that Section 303 applies if *either* the primary or the secondary employer is engaged in interstate commerce. *Hattiesburg Building and Trades Council v. Broome*, 377 U.S. 126, 84 S.Ct. 1156, 12 L.Ed.2d 172 (1964); *see also NLRB v. Niles Fire Brick Co.*, 124 F.2d 366 (6th Cir.1941). In this case, it is undisputed that the primary employer, Globe Metallurgical, is an industry affecting interstate commerce within the meaning of Section 303.

Having determined that Count Four of plaintiffs' complaint must be treated as a claim arising under Section 303 of the LMRA, the Court believes that plaintiffs have "artfully plead" around the federal question presented in Count Four. Accordingly, pursuant to 28 U.S.C. § 1441, defendants properly removed the action to this Court on July 24, 1987. Defendants' motion for leave to file an amended petition for removal is, therefore, moot.

WHEREUPON, upon consideration and being duly advised, the Court finds plaintiffs' motion to remand to be without merit and it is, therefore, DENIED. Defendants' motion for leave to file an amended petition for removal is MOOT.

IT IS SO ORDERED.