ON REHEARING
PER CURIAM.
The petition for rehearing filed by Cen-trust in this appeal is hereby granted. The amount of the bond fixes the amount of damages that can be recovered for wrongful injunction. See Broome v. Hattiesburg Building and Trades Council, 206 So.2d 184 (Miss.1967); R.A. Vorhof Construction Co. v. Black Jack Fire Protection District, 454 S.W.2d 588 (Ct.App.Mo.1970); Wyoming Bancorporation v. Bonham, 563 P.2d 1382 (Wyo.1977); compare Travelers Indemnity Company v. Askew, 280 So.2d 469 (Fla. 1st DCA 1973); Florida Transportation Co. v. Dixie Sightseeing Tours, Inc., 139 So.2d 175 (Fla. 3d DCA 1962). Therefore, this matter is returned to the trial court with directions to strike from the order of July 28, 1987, the following:
“The amount of this bond is not intended to and shall not limit the right of Defendants to recover damages in excess of $100,000.00 against Plaintiff in the event it is subsequently determined that the injunction was wrongfully issued or in the event Defendants suffer damages in excess of that amount for which damages are caused by the placement of the Centrust signs on the New World Tower and the injunction which prohibits its removal.”
This is without prejudice to the trial court entertaining a motion at any time to increase the amount of the bond in light of this order.